JAMES D. BLYTH AND ELK COUNTRY REALTY, INC., PLAINTIFFS v. SAMUEL E. McCRARY, COUNTRY SQUIRE REAL ESTATE, COUNTRY SQUIRE ENTERPRISES, INC., COUNTRY SQUIRE ENTERPRISES, INC. D/B/A, COUNTRY SQUIRE REAL ESTATE, PETER HESSION, AND WIFE KAREN HESSION, SCOTT GREENHALGE, BLUE SKY GROUP, INC., AND WILLIAM GUNN, DEFENDANTS

No. COA06-726

(Filed 17 July 2007)

**1. Appeal and Error— appealability—jurisdiction—notice of appeal**

The Court of Appeals lacked jurisdiction to review assignments of error to certain orders from which there was no notice of appeal.

**2. Appeal and Error— assignment of error—specificity**

Stating that an order is erroneous does not state a legal basis for assigning error.

**3. Appeal and Error— preservation of issues—assignments of error—no supporting legal authority**

The failure to cite supporting legal authority constituted abandonment of assignments of error.

**4. Appeal and Error— preservation of issues—failure to object—jury instructions**

The failure to object on the record resulted in dismissal of assignments of error to jury instructions.

**5. Appeal and Error— preservation of issues—service of notice of appeal, briefs, record—required**

The failure to serve Will Gun with the notice of appeal, briefs, or the record resulted in dismissal of assignments of error concerning the judgment against him, despite his expressed desire not to be served with anything to do with the lawsuit.

**6. Appeal and Error— preservation of issues—necessity for ruling below**

Plaintiffs' failure to obtain a trial court ruling meant that they could not assign error concerning the trial court's failure to order discovery of defendants' computers and failure to release information concerning defendants' income and assets.

**7. Evidence— reputation for truthfulness—defamation action—defendants who had testified**

Evidence of defendants' reputation for truthfulness was properly admitted in a defamation action. A defendant's charac-

ter for truthfulness is always at issue in a defamation suit and, in this case, each defendant for whom evidence of truthfulness was admitted had already been called as a witness.

**8. Libel and Slander— instruction—multiple defendants—use of "and" rather than "or"**

The trial court erred by using "and" instead of "or" when instructing the jury on whether defendants libeled plaintiffs. The instruction tended to mislead the jurors into believing that they could find for plaintiffs only if they believed that the alleged defamatory statement defamed both plaintiffs.

**9. Appeal and Error— attorney fees and costs—no appeal from underlying orders**

Plaintiffs abandoned their assignment of error to attorney fees and costs where they did not appeal from the underlying orders, although they assigned error to all of the orders granting attorney fees and costs.

**10. Costs— attorney fees and costs—no findings and conclusions—basis for award**

An order against defendant Greenhalge for attorney fees and costs was reversed and remanded where the order did not contain findings and conclusions, and did not indicate which portion was based on Rule 11 and which on N.C.G.S. § 75-16.1.

Appeal by plaintiffs from judgment entered 14 October 2005 and orders entered 14 December 2005, 17 January 2006 and 20 January 2006 by Judge J. Marlene Hyatt in Haywood County Superior Court. Heard in the Court of Appeals 24 January 2007.

*Jeffrey W. Norris and Associates, PLLC, by Jeffrey W. Norris, for plaintiff-appellants James D. Blyth and Elk Country Realty, Inc.*

*Moody & Brigham, PLLC, by Fred H. Moody, Jr., for defendant-appellees Samuel E. McCrary, Country Squire Real Estate, Country Squire Enterprises, Inc., Country Squire Enterprises, Inc. d/b/a Country Squire Real Estate.*

*Melrose, Seago & Lay, P.A., by Randal Seago, for defendant-appellees Peter and Karen Hession.*

*Wenzel & Wenzel, PLLC, by Derek M. Wenzel, for defendant-appellees Scott Greenhalge and Blue Sky Group, Inc.*

BLYTH v. McCRARY

[184 N.C. App. 654 (2007)]

STROUD, Judge.

Plaintiffs appeal from the 14 October 2005 judgment of the trial court granting a directed verdict in favor of defendant Karen Hession and, following a jury verdict, dismissing with prejudice plaintiffs' claims as to all defendants except William Gunn. Plaintiffs also appeal from the 14 December 2005 order of the trial court denying plaintiffs' motion for judgment notwithstanding the verdict, for amendment of judgment, or for a new trial. Finally, plaintiffs appeal from the 17 January 2006 orders of the trial court awarding costs and attorneys' fees to defendants Samuel McCrary, Country Squire Real Estate, County Squire Enterprises, Inc., County Squire Enterprises, Inc. d/b/a Country Squire Real Estate (hereinafter collectively referred to as "defendants McCrary") and to defendants Scott Greenhalge and Blue Sky Group, Inc. (hereinafter collectively referred to as "defendants Greenhalge"), and from the 20 January 2006 order of the trial court awarding attorneys' fees and costs to defendants Peter and Karen Hession (hereinafter collectively referred to as "defendants Hession"). For the reasons stated below, ten of plaintiffs' assignments of error are dismissed because plaintiffs did not follow the North Carolina Rules of Appellate Procedure. As to the other assignments of error, we reverse the trial court judgment dismissing with prejudice plaintiffs' claims for defamation against defendant Peter Hession, defendants McCrary, and defendants Greenhalge and the unfair and deceptive trade practices (UDTP) claim against defendant Scott Greenhalge and remand for a new trial; and we reverse the trial court order awarding attorneys' fees and costs to defendants Greenhalge and remand for findings of fact and appropriate conclusions of law.

## I. Background

Plaintiff Elk Country Realty conducts business in the Haywood County real estate market. Plaintiff James D. "Jim" Blyth is the owner of Elk Country Realty. Defendant Samuel E. McCrary owns Country Squire Real Estate. Defendant Peter Hession is retired and owns a bed and breakfast. Defendant Scott Greenhalge is also a real estate developer and owns Blue Sky Group. In 2004, defendant Scott Greenhalge worked, without compensation, as office manager of Country Squire Real Estate. Defendants compete with plaintiffs in the Haywood County real estate market. Sometime in early 2004, two separate documents bearing the name of "Concerned Citizens of Maggie Valley" began to circulate in the Haywood County business community. These documents stated that Jim Blyth, owner of Elk

**BLYTH v. McCRARY**

[184 N.C. App. 654 (2007)]

Country Realty, was a felon who defrauded the elderly with Ponzi schemes.[1] There is evidence in the record that defendants circulated these documents and verbally communicated the information in them, in an effort to harm plaintiff Blyth and his business, plaintiff Elk Country Realty.

Plaintiffs filed a verified complaint against defendants Samuel E. McCrary and Country Squire Real Estate on 30 March 2004, alleging defamation, tortious interference with contract, tortious interference with prospective contracts, and wrongful interference with a business relationship. Plaintiffs subsequently amended the complaint, adding claims for UDTP and adding additional defendants, filing the third and final amended complaint on or about 14 October 2004. Plaintiffs sought compensatory and punitive damages, and equitable and injunctive relief.

Defendants filed separate answers, all denying the material allegations of the complaint. In addition to denying the material allegations of the complaint, the answers of defendants McCrary and Hession pleaded the affirmative defense of truth. Defendants Hession also pleaded the affirmative defense of privilege and asserted a counterclaim for tortious interference with contract against plaintiff Blyth. Plaintiff Blyth moved for summary judgment on defendants Hession's counterclaim on or about 1 June 2005. The trial court granted summary judgment in favor of plaintiff Blyth on defendants Hession's counterclaim on or about 17 August 2005.

On 15 July 2005, defendants Greenhalge, noting that plaintiffs had voluntarily dismissed the claims against them for tortious interference with contract and tortious interference with prospective contract, moved for summary judgment as to plaintiffs' claims for defamation, UDTP, and wrongful interference with a business relationship. There is nothing in the record showing that this motion was ever ruled on by the trial court. Defendants McCrary moved for summary judgment as to all of plaintiffs' claims on or about 31 May 2005. The trial court entered summary judgment in favor of defendants McCrary on 16 August 2005 as to the claims of tortious interference with contract, tortious interference with prospective contracts, equitable and injunctive relief, UDTP, and wrongful interference with a business relationship.

---

1. A Ponzi scheme is a scam whereby early investors are paid returns from money contributed by later investors in order to entice more investors. *U.S. v. Godwin*, 272 F.3d 659, 665 n.3 (4th Cir. 2001), *cert. denied*, 535 U.S. 1069, 152 L. Ed. 2d 846 (2002).

Defendants Hession moved for summary judgment as to all of plaintiffs' claims on 31 May 2005. The trial court entered summary judgment on or about 17 August 2005 in favor of defendants Hession as to the claims for tortious interference with contract, tortious interference with prospective contracts, UDTP, and wrongful interference with a business relationship. However, the trial court denied the motions for summary judgment filed by defendants Hession and McCrary as to plaintiffs' claims for defamation.

Plaintiffs' defamation claims were tried from 4 to 7 October 2005, in Superior Court, Haywood County. The trial court granted a directed verdict in favor of Karen Hession. The jury then found against plaintiffs on all remaining claims submitted to it. The trial court entered judgment on 14 October 2005, dismissing plaintiffs' complaints with prejudice as to all defendants except William Gunn. On 20 October 2005, plaintiffs moved for Judgment Notwithstanding The Verdict, And To Amend the Judgment, or alternatively, For A New Trial. Those motions were denied by the trial court on 14 December 2005.

On or about 23 November 2005, defendants Hession moved the trial court to tax costs and attorney fees to plaintiffs pursuant to N.C. Gen. Stat. § 75-16.1, N.C. Gen. Stat. § 1A-1, Rule 11, and N.C. Gen. Stat. § 1A-1, Rule 26. The trial court granted this motion on 20 January 2006. On or about 1 December 2005, defendants McCrary moved the trial court to tax costs and attorney fees to plaintiffs pursuant to N.C. Gen. Stat. § 75-16.1 and N.C. Gen. Stat. § 1D-45. The trial court granted this motion on 17 January 2006. On or about 30 November 2005, defendants Greenhalge moved the trial court to tax costs and attorney fees to plaintiffs pursuant to N.C. Gen. Stat. § 75-16.1 and N.C. Gen. Stat. § 1A-1, Rule 11. The trial court granted this motion on 17 January 2006. Plaintiffs appeal from the judgment entered 14 October 2005, from the order denying their motions for post-trial relief entered on 14 December 2005, and from the orders awarding attorneys' fees and costs entered on 17 and 20 January 2006.

## II. Violations of Procedural Rules

Ten of plaintiffs' assignments of error are dismissed for procedural reasons. Therefore, we will not review them.

[1] "[A] notice of appeal 'must designate the judgment or order from which appeal is taken.' Without proper notice of appeal, the appellate court acquires no jurisdiction." *Bromhal v. Stott,* 116 N.C. App. 250,

253, 447 S.E.2d 481, 483 (1994) (quoting N.C.R. App. P. 3(a)), *aff'd*, 341 N.C. 702, 462 S.E.2d 219 (1995). Plaintiffs assigned error to trial court orders granting summary judgment in favor of defendants Hession and defendants McCrary on plaintiffs' claim of UDTP. However, the record contains no notice of appeal which designates those orders. Consequently, this Court lacks jurisdiction to review them.

[2] An assignment of error "shall state plainly, concisely and without argumentation the legal basis upon which error is assigned." N.C.R. App. P. 10(c)(1). Plaintiffs assigned error to the entry of judgment by the trial court and to the order denying plaintiffs' post-trial motions simply on the basis that the judgment and order, respectively, were error. To say, in essence, that an order is error because it is error does not state a legal basis upon which the error is assigned. Those two assignments of error are therefore dismissed.

[3] "Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned." N.C.R. App. P. 28(b)(6). Plaintiffs assigned error to the trial court judgment granting defendant Karen Hession's motion for directed verdict without citing any legal authority in their brief in support of the assignment of error. This assignment of error is deemed abandoned.

[4] Plaintiffs assign as error the omission of a jury instruction for plaintiffs' exhibit 3, the inclusion of a jury instruction that defendants' statements related to a matter of public concern, and the inclusion of a jury instruction that it could find that privilege barred liability for some of defendant Peter Hession's statements. Plaintiffs did not object on the record to any of these jury instructions or omissions at trial.

> When a party alleges error in a jury instruction, the party
>
> may not assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly that to which he objects and the grounds of his objection; provided, that opportunity was given to the party to make the objection out of the hearing of the jury, and, on request of any party, out of the presence of the jury.

N.C.R. App. P. 10(b)(2).

Because plaintiffs did not object on the record to the foregoing omission from and inclusions in the jury instructions before the jury

retired to consider its verdict, they may not assign error to them on appeal. Accordingly, plaintiffs' three assignments of error to those jury instructions and omissions are dismissed.

**[5]** Plaintiffs next assign error to the failure of the trial court to enter judgment against William Gunn. Parties who petition this Court for review must notify, through service of process, the other parties to the appeal. N.C.R. App. P. 26(b). There is no indication in the record that William Gunn was served with the notice of appeal, the briefs, or the record on appeal. At oral argument plaintiffs acknowledged that Gunn had not been served with any of these documents, and sought to excuse their failure to serve Gunn by asserting that he had communicated a desire not to be served with anything related to this lawsuit. We find no authority for the proposition that a party's expression of a desire not to be served excuses another party's failure to serve all required papers. This assignment of error is dismissed.

**[6]** Plaintiffs next assign error to the failure of the trial court to order discovery of defendants' computers and the failure of the trial court to release information concerning the income and assets of the defendants. "In order to preserve a question for appellate review . . .[,] the complaining party [must] obtain a ruling [from the trial court] upon the party's request, objection or motion." N.C.R. App. P. 10(b)(1). Plaintiffs concede that the trial court entered no order regarding discovery of defendants' computers or release of information concerning the income and assets of defendants. Absent a ruling from the trial court on these two issues, plaintiffs may not assign error to them. Accordingly, these two assignments of error are dismissed.

### III.  Admission of Evidence

**[7]** Plaintiffs contend that the trial court erred when it admitted evidence of defendants' reputation for truthfulness. We disagree.

Plaintiffs rely on *Holiday v. Cutchin*, 63 N.C. App. 369, 305 S.E.2d 45 (1983), *aff'd*, 311 N.C. 277, 316 S.E.2d 55 (1984), a medical negligence case in which this Court held that the admission of evidence to bolster the defendant doctor's character was error, 63 N.C. App. at 370, 305 S.E.2d at 47. *Holiday* stated that character evidence of a party is "*generally* inadmissible" in a civil action. 63 N.C. App. at 371, 305 S.E.2d at 47 (emphasis added). In their brief, plaintiffs argue that "as in *Holiday*, defendants' character was never at issue in the trial."

"Evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked." N.C. Gen. Stat. § 8C-1, Rule 608. An action for defamation necessarily alleges that the defendant has made a false statement. *Hanton v. Gilbert*, 126 N.C. App. 561, 569, 486 S.E.2d 432, 437, *disc. review denied*, 347 N.C. 266, 493 S.E.2d 454 (1997). Thus, a defendant's character for truthfulness is always at issue in a defamation suit. Even in *Holiday*, the case plaintiffs rely on, this Court noted an exception to the general rule forbidding character evidence in civil cases, stating "character evidence *is admissible* when character is directly in issue as in actions involving moral intent [like] *defamation*." 63 N.C. App. at 371, 305 S.E.2d at 47 (emphasis added).

In the case *sub judice*, each defendant for whom evidence of truthful character was admitted had already been called as a witness and questioned before the admission of the evidence of his truthful character. Therefore, we conclude that the trial court did not err when it admitted testimony concerning defendants' reputations for truthfulness.

## IV. Jury Instructions

[8] Plaintiffs assign error to the following jury instruction, given in reference to each defendant: "Did [name of defendant(s)] libel (or slander) the plaintiffs, James D. Blyth and Elk Country Realty?" Plaintiffs argue that because two different plaintiffs brought the suit, a separate jury instruction should have been given for each plaintiff as to each defendant. We agree.

"The [trial] judge must submit to the jury such issues as when answered by them will resolve all material controversies between the parties, as raised by the pleadings." *Harrison v. McLear*, 49 N.C. App. 121, 123, 270 S.E.2d 577, 578 (1980). It is certainly possible for a defamatory statement to injure either an individual plaintiff or a business that the individual plaintiff owns, or both. *See, e.g., Ellis v. Northern Star Co.*, 326 N.C. 219, 224-25, 388 S.E.2d 127, 130-31 (1990) (jury properly instructed in finding that the business was defamed, but not its owner, when suit was filed by both the owner and the business). Thus, when both an individual and his business are plaintiffs in a defamation action, the jury cannot resolve the material issues in the case unless it is instructed that the owner and the business are distinct parties, and that it could find that the defendant defamed one but not the other.

Here the trial court combined the two plaintiffs in its instructions to the jury, "Did [name of defendant(s)] libel (or slander) the plaintiffs, James D. Blyth *and* Elk Country Realty?" (Emphasis added.) This instruction tended to mislead the jurors into believing that they could find in plaintiffs' favor only if they believed that the alleged defamatory statement defamed both plaintiffs, and that if only one plaintiff was defamed, they should find in favor of defendants. Although requested by plaintiffs' counsel before the jury retired to consider its verdict, the trial court did not give separate jury issues or instructions for the two plaintiffs.[2] Failure to submit separate issues or at least to instruct the jury that it was to answer the issue separately for each plaintiff was error. Accordingly, we reverse the judgment of the trial court in favor of defendant Peter Hession, defendants McCrary, and defendants Greenhalge on the claims for defamation and remand for a new trial. Further, because the trial court instructed the jury not to consider the UDTP claim against defendant Scott Greenhalge if it found that defendant Scott Greenhalge did not slander plaintiffs, the claim for UDTP against defendant Scott Greenhalge must also be included in the new trial.

## V. Attorneys' Fees

[9] Plaintiffs assigned error to the trial court orders awarding attorneys' fees and costs to defendants Hession, McCrary, and Greenhalge. The trial court ordered plaintiffs to pay attorneys' fees and costs to: (1) defendants Hession pursuant to N.C. Gen. Stat. § 75-16.1,[3] because the trial court found that plaintiffs knew or should have known that their claims that defendants Hession violated N.C.

---

2. In the instructions *sub judice*, simply substituting "or" for "and" would have cured the error.

3. N.C. Gen. Stat. § 75-16.1 (2005) states:

In any suit instituted by a person who alleges that the defendant violated G.S. 75-1.1, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the prevailing party, such attorney fee to be taxed as a part of the court costs and payable by the losing party, upon a finding by the presiding judge that:

(1) The party charged with the violation has willfully engaged in the act or practice, and there was an unwarranted refusal by such party to fully resolve the matter which constitutes the basis of such suit; or

(2) The party instituting the action knew, or should have known, the action was frivolous and malicious.

**BLYTH v. McCRARY**

[184 N.C. App. 654 (2007)]

Gen. Stat. § 75-1.1[4] were "frivolous and malicious"[5] and pursuant to N.C. Gen. Stat. § 1D-45,[6] because the trial court found that plaintiffs knew or should have known that their claims for punitive damages arising from defendants' alleged defamatory statements were "frivolous or malicious;" (2) defendants McCrary, because the trial court found that plaintiffs knew or should have known that their claims that defendants McCrary violated N.C. Gen. Stat. § 75-1.1 were "frivolous and malicious" and pursuant to N.C. Gen. Stat. § 1D-45, because the trial court found that plaintiffs knew or should have known that their claims for punitive damages arising from defendants' alleged defamatory statements were "frivolous or malicious;" and (3) defendants Greenhalge, but with no findings of fact by the trial court. We agree in part and disagree in part.

"Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned." N.C.R. App. P. 28(b)(6). Although plaintiffs assigned error to all three orders of the trial court which granted attorneys' fees and costs, in their brief plaintiffs argue only (1) that the attorneys' fees and costs awarded pursuant to N.C. Gen. Stat. § 75-16.1 are error, and (2) that attorneys' fees and costs on the claims that survived summary judgment and directed verdict are error, reasoning that a claim that is presented to the jury cannot be frivolous.

Plaintiffs' claims that defendants Hession and defendants McCrary violated N.C. Gen. Stat. § 75-1.1 (the UDTP claims) did not survive summary judgment, and as we noted before, plaintiffs did not appeal from the trial court orders awarding summary judgment to

---

4. N.C. Gen. Stat. § 75-1.1(a) (2005) states that "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful."

5. A claim "is frivolous if 'a proponent can present no rational argument based upon the evidence or law in support of [it].' " *Rhyne v. K-Mart Corp.*, 149 N.C. App. 672, 689, 562 S.E.2d 82, 94 (2002) (quoting *Black's Law Dictionary* 668 (6th ed. 1990)), *aff'd*, 358 N.C. 160, 594 S.E.2d 1 (2004). A claim "is malicious if it is 'wrongful and done intentionally without just cause or excuse or as a result of ill will.' " *Id.* (quoting *Black's Law Dictionary* 958 (6th ed. 1990)).

6. N.C. Gen. Stat. § 1D-45 (2005) states:

The court shall award reasonable attorneys' fees, resulting from the defense against the punitive damages claim, against a claimant who files a claim for punitive damages that the claimant knows or should have known to be frivolous or malicious. The court shall award reasonable attorney fees against a defendant who asserts a defense in a punitive damages claim that the defendant knows or should have known to be frivolous or malicious.

defendants Hession and defendants McCrary on the UDTP claims. We therefore conclude that plaintiffs abandoned the assignment of error to the order awarding attorneys' fees and costs to defendants Hession and defendants McCrary.[7]

**[10]** All that remains from plaintiffs' assignment of error to the trial court orders awarding attorneys' fees and costs is the order awarding attorneys' fees and costs to defendants Greenhalge. Defendants Greenhalge had moved for attorneys' fees and costs pursuant to Rule 11, alleging that plaintiffs knew that the allegations in the complaint were not truthful, and pursuant to N.C. Gen. Stat. § 75-16.1, alleging that plaintiffs knew that their UDTP claim was frivolous and malicious.

"In awarding attorneys' fees under G.S. 75-16.1, the trial court must make findings of fact to support the award." *Lapierre v. Samco Development Corp.*, 103 N.C. App. 551, 561, 406 S.E.2d 646, 651 (1991). Failure to make findings of fact "requires remand in order for the trial court to resolve any disputed factual issues [unless] the record reveals no evidence to support an award of sanctions on any of the bases asserted by defendants." *Taylor v. Taylor Products Inc.*, 105 N.C. App. 620, 630, 414 S.E.2d 568, 576 (1992).

Although there is some evidence in the record which would support an award of attorneys' fees in favor of defendants Greenhalge, the trial court's order contains no findings of fact or conclusions of law, even though it summarily granted all of the attorneys' fees and costs requested by defendants Greenhalge. The order also fails to indicate what portion of the fees granted was based on Rule 11 and what portion was based on N.C. Gen. Stat. § 75-16.1. In addition, we are remanding for a new trial on the defamation claims against defendants Greenhalge and the UDTP claim against defendant Scott Greenhalge. Accordingly, we reverse and remand the trial court order granting attorneys' fees and costs to defendants Greenhalge for findings of fact and appropriate conclusions of law. We note that the trial court will need to consider the allocation of any fees awarded in light

7. In reversing the attorneys' fees and costs awarded to defendants Greenhalge, we do not hold that a claim that survives summary judgment cannot be frivolous. *See Castle McCulloch, Inc. v. Freedman*, 169 N.C. App. 497, 504, 610 S.E.2d 416, 421-22, *aff'd per curiam*, 360 N.C. 57, 620 S.E.2d 674 (2005) (affirming award of sanctions against the plaintiff in a UDTP action when the plaintiff failed to present evidence of damages despite the plaintiff's claim surviving summary judgment). We only hold that in making this argument, plaintiffs have abandoned their assignment of error to attorneys' fees and costs awarded on account of claims that did not survive summary judgment.

of the fact that the defamation claims against defendants Greenhalge and the UDTP claim against defendant Scott Greenhalge have been remanded for new trial.

## VI. Conclusion

For the foregoing reasons, ten of plaintiffs' assignments of error are dismissed because plaintiffs did not follow the North Carolina Rules of Appellate Procedure. We reverse the judgment of the trial court dismissing with prejudice plaintiffs' claims for defamation against defendant Peter Hession, defendants McCrary, and defendants Greenhalge and the UDTP claim against defendant Scott Greenhalge, and remand for a new trial. Finally, we reverse and remand the trial court order granting attorneys' fees and costs to defendants Greenhalge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR NEW TRIAL IN PART.

Judges TYSON and STEPHENS concur.