RODNEY A. LEE, AND WIFE, STEPHANIE F. LEE, LEO GIBSON, KAMAMU ABUBAKARI AND WIFE, JENIFER P. ABUBAKARI, HARLEE DAVIS AND WIFE, ALMA P. DAVIS AND MARY B. GRIFFIN, PLAINTIFFS v. WINGET ROAD, LLC, NVR, INC., T/A RYAN HOMES, NVR SETTLEMENT SERVICES, INC., BRIAN IAGNEMMA, TODD DAVID WILLIAMS, KUESTER ESTATE SERVICES, INC., AND ERIN BOTTENBERG, DEFENDANTS

No. COA09-828

(Filed 18 May 2010)

**Appeal and Error— notice of appeal—failure to serve on all parties—jurisdictional—significant violation**

An appeal was dismissed where plaintiff-appellants failed to comply with N.C. R. App. P. Rule 3(a) by not serving a notice of appeal on the non-appealing plaintiffs and previously dismissed defendants. Compliance with Rule 3 is jurisdictional and may be raised by the court. Furthermore, noncompliance is a significant and fundamental violation that frustrates the adversarial process and that no sanction less than dismissal will remedy.

Appeal by plaintiffs Rodney A. Lee and wife, Stephanie F. Lee, Harlee Davis and wife, Alma P. Davis, and Mary B. Griffin from order entered 4 February 2009 by Judge Yvonne Mims Evans in Superior Court, Mecklenburg County. Heard in the Court of Appeals 19 November 2009.

*Parker Poe Adams & Bernstein LLP, by Michael G. Adams and Morgan H. Rogers, for defendants-appellees.*

**LEE v. WINGET RD., LLC**

[204 N.C. App. 96 (2010)]

STROUD, Judge.

Plaintiff-appellants filed a notice of appeal of a summary judgment order dismissing their claims.[1] After the parties briefed the issues, defendant-appellees filed a motion to dismiss the appeal for failure to comply with the requirements of North Carolina Rule of Appellate Procedure 3(a) as to service of the notice of appeal. We agree with defendant-appellees and dismiss the appeal.

## I. Background

On 7 March 2008, Rodney and Stephanie Lee ("Lees"), Leo Gibson ("Mr. Gibson"), Kamamu and Jenifer Abubakari ("Abubakaris"), Harlee and Alma Davis ("Davises"), and Mary Griffin ("Ms. Griffin") filed a complaint against Winget Road, LLC ("Winget"), NVR, Inc. T/A Ryan Homes ("NVR One"), NVR Settlement Services, Inc. ("NVR Two"), Brian Iagnemma ("Mr. Iagnemma"), Todd Williams ("Mr. Williams"), Kuester Real Estate Services, Inc. ("Kuester"), and Erin Bottenberg ("Ms. Bottenberg") regarding modifications to the Declaration for Winget Pond Subdivision. On 13 November 2008, all plaintiffs voluntarily dismissed defendants Kuester and Ms. Bottenberg from the action with prejudice. All remaining defendants, Winget, NVR One, NVR Two, Mr. Iagnemma, and Mr. Williams, filed motions for summary judgment.

On 4 February 2009, the trial court granted defendants' motions for summary judgment. On 5 March 2009, Roger Bruny, as counsel for plaintiff-appellants the Lees, the Davises, and Ms. Gibson, filed a notice of appeal. On or about 11 June 2009, plaintiff-appellants withdrew their appeal as to Winget. On or about 16 September 2009, defendant-appellees NVR One, NVR Two, Mr. Iagnemma, and Mr. Williams, filed a motion to dismiss plaintiff-appellants' appeal. The motion to dismiss was based on two grounds; the first ground is that "Appellants failed to serve the Notice of Appeal on all parties because Appellants failed to serve the Notice of Appeal on the non-appealing Plaintiffs and the Kuester Defendants."

## II. Motion to Dismiss

Defendant-appellees argue that plaintiff-appellants appeal should be dismissed because plaintiff-appellants failed to serve a notice of appeal on non-appealing plaintiffs, the Abubakaris and Mr. Gibson,

---

1. Though plaintiff-appellants' counsel Roger H. Bruny did submit a brief to this Court, he failed to sign either the brief or the certificate of service. Pursuant to N.C.R. App. P. R. 28(b)(8), his name is therefore not listed as counsel for plaintiffs.

and on previously dismissed defendants, Kuester and Ms. Bottenberg, in violation of North Carolina Rule of Appellate Procedure 3(a). We first consider plaintiff-appellants' failure to serve the non-appealing plaintiffs.

A. Failure to Serve Notice of Appeal on Other Plaintiffs

The notice of appeal in the record provides that only the Lees, the Davises, and Ms. Griffin are appealing. The certificate of service for the notice of appeal certifies that it was served on Richard Fennell, Winget's attorney, and Michael Adams and Morgan Rogers, attorneys for NVR One, NVR Two, Mr. Iagnemma, and Mr. Williams. Neither the notice of appeal nor certificate of service mentions the Abubakaris or Mr. Gibson. The record shows that Kenneth Davies of Davies & Grist, LLP represented the non-appealing parties, the Abubakaris and Mr. Gibson, before the trial court. The notice of appeal and certificate of service also make no mention of Mr. Davies or his law firm.

1. Standing and Waiver

Plaintiff-appellants contend that defendant-appellees do not have standing to bring their motion to dismiss and that because defendant-appellants had over six months notice of this appeal, during which time substantial time and money have been spent, the issues in the motion to dismiss have been waived. However,

[i]n order to confer jurisdiction on the state's appellate courts, appellants of lower court orders must comply with the requirements of Rule 3 of the North Carolina Rules of Appellate Procedure. The provisions of Rule 3 are jurisdictional, and failure to follow the requirements thereof requires dismissal of an appeal.

*Stephenson v. Bartlett*, 177 N.C. App. 239, 241, 628 S.E.2d 442, 443 (citations and quotation marks omitted), *disc. review denied*, 360 N.C. 544, 635 S.E.2d 58 (2006). Furthermore, "an appellate court has the power to inquire into jurisdiction in a case before it at any time, even *sua sponte*." *Xiong v. Marks*, 193 N.C. App. 644, 652, 668 S.E.2d 594, 599 (2008). Thus, even assuming *arguendo* that defendant-appellees do not have standing or that they have waived any arguments for which they properly had standing, this Court still may and will consider whether plaintiff-appellants complied with Rule 3(a). *See id.*; *see also Guthrie v. Conroy*, 152 N.C. App. 15, 17, 567 S.E.2d 403, 406 (2002) ("[D]efendant's motion for dismissal presents a question of jurisdiction, which may be addressed by this Court at any

**LEE v. WINGET RD., LLC**

[204 N.C. App. 96 (2010)]

time, *sua sponte*, regardless of whether defendants properly preserved it for appellate review." (citation omitted)).

In addition, plaintiff-appellants' argument as to standing is based on a lack of prejudice to defendant-appellees. However, clearly the parties most likely to be prejudiced by this appeal are the unserved parties who, as best we can tell from the record, are unaware of the appeal and therefore cannot possibly file a motion to dismiss. Likewise, the parties who would need to waive the lack of service of the notice of appeal were not served with a notice and thus have not had the opportunity to waive service. Thus, we must consider whether dismissal of the appeal is necessary as this is the only way that we can address this issue of compliance with the Rules of Appellate Procedure and protection of the rights of all of the parties.

2. North Carolina Rule of Appellate Procedure 3(a)

Plaintiff-appellants argue that Rule 3(a) does not provide "that the Notice of Appeal must be served on all parties to the action at the trial level, nor does it provide that the Notice of Appeal should be served on parties who have chosen not [to] appeal." We disagree with these contentions. Rule 3(a) provides that

> [a]ny party entitled by law to appeal from a judgment or order of a superior or district court rendered in a civil action or special proceeding may take appeal by filing notice of appeal with the clerk of superior court and serving copies thereof upon *all other parties* within the time prescribed by subdivision (c) of this rule.

N.C.R. App. P. 3(a) (emphasis added).

Neither defendant-appellees nor plaintiff-appellants direct this Court to any case law regarding an appellant's failure to serve a notice of appeal on parties on the same side of a suit. However, the plain language of Rule 3(a) provides that "all other parties" must be served with a copy of the notice of appeal. N.C.R. App. P. 3(a). " 'All' is defined as 'the whole quantity of,' 'everyone,' or 'entirely.' " *Farrior v. State Farm Mut. Auto. Ins. Co.*, 164 N.C. App. 384, 388, 595 S.E.2d 790, 793 (citation omitted), *disc. review denied*, 358 N.C. 731, 601 S.E.2d 530 (2004). Furthermore, this Court has dismissed a plaintiff's appeal "because there is no proof of service of the notice of appeal on the other parties to the appeal, as is required by our Rules of Appellate Procedure." *Spivey and Self v. Highview Farms*, 110 N.C. App. 719, 729, 431 S.E.2d 535, 541, *disc. review denied*, 334 N.C. 623, 435 S.E.2d 342 (1993).

**LEE v. WINGET RD., LLC**

[204 N.C. App. 96 (2010)]

In *Hale v. Afro-American Arts Int'l*, 335 N.C. 231, 436 S.E.2d 588 (1993), the appellant filed a notice of appeal, but failed to include in the record a certificate of service of the notice of appeal upon the appellee. *Id.* at 232, 436 S.E.2d at 589. The Court of Appeals dismissed the appeal, finding that the lack of a certificate of service of the notice of appeal was a jurisdictional defect. *Id.* Judge Wynn dissented and concluded that failure to serve the notice of appeal could be waived "by not raising the issue by motion or otherwise and by participating without objection in the appeal." *Id.* The Supreme Court adopted Judge Wynn's dissent and reversed the majority opinion. *Id.* Thus, pursuant to *Hale, filing* of the notice of appeal is jurisdictional, but where a notice of appeal is filed, *service* of the notice of appeal upon all parties may be waived.[2] *Id.*

In *Ribble v. Ribble*, the appellant filed a notice of appeal but failed to include in the record a certificate of service upon the appellee, who did not appear or file a brief in the appeal. 180 N.C. App. 341, 343, 637 S.E.2d 239, 240 (2006). This Court discussed *Hale* and concluded that the appellant in *Ribble* did not fall within the *Hale* exception because the "[appellee] . . . has not filed a brief or any other document with this Court or otherwise participated in this appeal. This record does not indicate plaintiff had notice of this appeal and plaintiff has not waived defendant's failure to include proof of service in the record before this Court." *Ribble* at 343, 637 S.E.2d at 240; *see In re C.T.*, 182 N.C. App. 166, 168, 641 S.E.2d 414, 415 (dismissing appeal pursuant to *Ribble*), *aff'd per curiam*, 361 N.C. 581, 650 S.E.2d 593 (2007); *see also Blyth v. McCrary*, 184 N.C. App. 654, 660, 646 S.E.2d 813, 817 (2007) (noting that the fact that a party allegedly told the appellant that he did not wish to be served with court documents still does not excuse another party from failing to serve all required documents on all required parties), *disc. review denied*, 362 N.C. 175, 658 S.E.2d 482 (2008).

Here, the record does not reflect that the non-appealing plaintiffs were ever notified of this appeal, and they have not filed any briefs or participated in the appeal in any way. In response to the motion to dismiss the appeal the appellants could have obtained written waivers from the unserved plaintiffs to present to this Court, but they

---

2. We note that this Court must consider this appeal because it presented a jurisdictional question. Though we have concluded that the actual issue presented, specifically regarding service upon the non-appealing plaintiffs, was not jurisdictional, it was necessary for us to consider this appeal in order to determine if the issue was jurisdictional.

failed to do so. The plaintiff-appellants' failure to comply with Rule 3 has not been waived by the non-appealing plaintiffs.

3. North Carolina Rule of Appellate Procedure 26(e)

Plaintiffs argue that because North Carolina Rule of Appellate Procedure 3(e) refers to Rule 26, Rule 26 controls. Rule 3(e) provides that "[s]ervice of copies of the notice of appeal may be made as provided in Rule 26 of these rules." N.C.R. App. P. 3(e). Plaintiffs then argue that North Carolina Rule of Appellate Procedure 26(e) states that "*[a]ny paper required by these rules to be served on a party* is properly served upon *all parties joined in the appeal by service upon any one of them.*" N.C.R. App. P. 26(e) (emphasis added). However, the provision of Rule 26(e), entitled "Joint appellants and appellees," allows service on one party only as to parties who are *joined* in the appeal. *See id.* There is no indication in the record that plaintiffs-appellants and the Abubakaris and Mr. Gibson are "joint appellants." *See* N.C.R. App. P. 5(a).

North Carolina Rule of Appellate Procedure 5 sets forth the requirements for joinder of appellants in an appeal. *See id.* In order for appellants to be considered *joined* they

> may give a joint oral notice of appeal or file and serve a joint notice of appeal in accordance with Rule 3 and 4; or they may join in appeal after timely taking of separate appeals by filing notice of joinder in the office of the clerk of superior court and serving copies thereof upon all other parties.

*Id.* Rule 5(c) goes on to provide that "*[a]fter* joinder, the parties proceed as a single appellant or appellee. Filing and service of papers by and upon joint appellants or appellees is provided by Rule 26(e)." N.C.R. App. P. 5(c) (emphasis added).

Rule 3(a) directs that *all* parties must be served with the notice of appeal. *See* N.C.R. App. P. 3(a). Rule 26 is entitled, "Filing and service." N.C.R. App. P. 26. Rule 26 describes methods of serving various appellate documents. *See id.* Furthermore, Rule 26(e) specifically addresses "[j]oint appellants and appellees[.]" N.C.R. App. P. 26(e). However, plaintiff-appellants' argument ignores Rule 5, which sets forth the procedure for joinder. *See* N.C.R. App. P. 5. The purpose of a notice of appeal is obviously to provide parties with notice that an appeal is being made. If the parties wish to join in the appeal under Rule 5, they may do so. *See* N.C.R. App. P. 5. However, unless there is joinder, *all* parties have to be served with the notice of appeal. *See*

N.C.R. App. P. (3)(a), 5, 26(e). The Abubakaris and Mr. Gibson were not "joined in the appeal" with plaintiff-appellants and thus Rule 26(e) is inapplicable. N.C.R. App. P. 26(e), *see* N.C.R. App. P. 5(a), (c).

4. Dismissal

As plaintiff-appellants have failed to comply with Rule 3, we must now consider whether the appeal must be dismissed pursuant to *Dogwood Dev. & Mgmt. Co. LLC, v. White Oak Transp. Co.*, 362 N.C. 191, 193, 657 S.E.2d 361, 362 (2008). If the failure to comply with Rule 3 created "[a] jurisdictional default" we would be required "to dismiss the appeal." *Id.* at 197, 657 S.E.2d at 365 (citations omitted). In fact, *Dogwood* noted lack of notice of appeal in the record or failure to give timely notice of appeal as examples of jurisdictional defects. *Id.* at 197-98, 657 S.E.2d at 365. However, *Dogwood* did not address the situation we have here, where a notice of appeal is properly and timely filed, but not served upon *all* parties. Pursuant to *Hale*, as noted above, we find that this violation of Rule 3 is a nonjurisdictional defect. *Hale*, 335 N.C. 231, 436 S.E.2d 588.

*Dogwood* states that a nonjurisdictional failure to comply with appellate rules "normally should not lead to dismissal of the appeal." *Id.* at 198, 657 S.E.2d at 365 (citations omitted). Neither dismissal nor other sanctions under North Carolina Rules of Appellate Procedure 25 or 34 should be considered unless the noncompliance is a "substantial failure" to comply with the Rules or a "gross violation" of the Rules. *Id.* at 199, 657 S.E.2d at 366 (quotation marks omitted). This Court is required to make a "fact-specific inquiry into the particular circumstances of each case" mindful of the need to enforce the rules as uniformly as possible. *Id.* at 199-200, 657 S.E.2d at 366 (citations omitted). Dismissal is appropriate only for the "most egregious instances of nonjurisdictional default[.]" *Id.* at 200, 657 S.E.2d at 366 (citations omitted). To determine the severity of the rule violation, this Court is to consider: "[(1)] whether and to what extent the noncompliance impairs the court's task of review[,] [(2)] . . . whether and to what extent review on the merits would frustrate the adversarial process . . . [, and (3)] [t]he court may also consider the number of rules violated[.]" *Id.* at 200, 657 S.E.2d at 366-67 (citations omitted).

In this instance, we find that the noncompliance has impaired this Court's task of review and that review on the merits would frustrate the adversarial process. Failure to serve notice of appeal on all parties is a significant and fundamental violation. A notice of appeal is intended to let all parties to a case know that an appeal has been filed

**LEE v. WINGET RD., LLC**

[204 N.C. App. 96 (2010)]

by at least one party. Because two of the parties to this case[3] were never informed of the fact that there was an appeal which affects their interests, this Court has no way of knowing the positions these parties would have taken in this appeal. The fact that these parties have not objected to our consideration of the appeal is irrelevant, because as far as we can tell from the record, these parties are unaware of the appeal. Simply put, all parties to a case are entitled to notice that a party has appealed. The unserved plaintiffs have been denied the opportunity to be heard, as they received no notice of the appeal and there is no written waiver filed in the record or in response to the motion to dismiss.

Notice to all parties is not a mere formality but a fundamental requirement of Rule 3(a). The United States Supreme Court has long recognized the importance of notice. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover B. & T. Co.*, 339 U.S. 306, 314, 94 L. Ed. 865, 873 (1950) (citations omitted). The North Carolina Supreme Court has also noted that "[t]he fundamental premise of procedural due process protection is notice and the opportunity to be heard." *Peace v. Employment Sec. Comm'n*, 349 N.C. 315, 322, 507 S.E.2d 272, 278 (1998) (citation omitted). Although we are not directly addressing a due process issue in this case, these basic principles of law inform our analysis of the importance of the requirement of Rule 3(a) of service of a notice of appeal upon all parties. *See* N.C.R. App. P. 3(a), *see generally Mullane* at 314, 94 L. Ed. at 873, *Peace* at 322, 507 S.E.2d at 278.

The principles of due process also support our finding that failure to serve the notice of appeal upon all parties is a "gross violation" of the rules "which frustrates the adversarial process[.]" *Dogwood* at 200, 657 S.E.2d at 366-67. Once notice is served upon all parties, any

---

3. We are not addressing plaintiff-appellants' failure to serve the notice of appeal upon defendants Kuester and Ms. Bottenberg, as these defendants were voluntarily dismissed with prejudice by all plaintiffs prior to both the order granting summary judgment and the filing of the notice of appeal. These defendants were not "parties" at the time of the notice of appeal, although we recognize that previously dismissed parties before the trial court might be "parties" on appeal where a plaintiff is challenging their dismissal. However, this dismissal was a voluntary dismissal which was agreed upon by all plaintiffs, not a dismissal by the trial court, and the dismissal is not a subject of the appeal.

party may chose not to participate, but our rules require that all parties have notice and an opportunity to participate to protect their own interests. *See* N.C.R. App. P. 3(a), *see generally Mullane* at 314, 94 L. Ed. at 873; *Peace* at 322, 507 S.E.2d at 278. The noncompliance impairs this Court's task of review as well, *see Dogwood* at 200, 657 S.E.2d at 366, as parties have been omitted from the case and we cannot review any contentions or arguments those parties might have raised.

In addition, requiring service of the notice of appeal on all parties promotes uniformity in enforcement of the rules. *See Dogwood* at 199-200, 657 S.E.2d at 366. Rule 3 states plainly that "all . . . parties" must be served with the notice of appeal, N.C.R. App. P. 3(a), and as noted above, this is a fundamental requirement for the rest of the appeal. *Hale* has previously recognized that where the unserved parties have actual notice of the appeal and have participated in the appeal without objection, dismissal is not appropriate. *Hale*, 335 N.C. 231, 436 S.E.2d 588. In the situation presented in *Hale*, neither the adversarial process nor this Court's task of review was compromised; the violation in *Hale* was merely technical. *Compare id.*

No lesser sanction, such as monetary sanctions, can remedy this particular rule violation, as a sanction less than dismissal cannot make up for the failure to notify all parties of the existence of this appeal. We therefore conclude that dismissal is the only appropriate sanction under N.C.R. App. P. 34(b) and this sanction is also supported by *Hale. Hale*, 335 N.C. 231, 436 S.E.2d 588. Where we find that dismissal is the appropriate sanction, the Supreme Court in *Dogwood* has directed that we may consider invoking North Carolina Rule of Appellate Procedure 2, but we should do this only on "rare occasions and under exceptional circumstances . . . to prevent manifest injustice to a party, or to expedite decision in the public interest[.]" *Dogwood* at 201, 657 S.E.2d at 367 (citations, quotation marks, and brackets omitted). We do not find that this case presents exceptional circumstances where use of Rule 2 is required to prevent "manifest injustice" or that it is necessary to "expedite decision in the public interest." *Id.* Our decision to this effect is reinforced by the fact that we have reviewed plaintiff-appellant's substantive challenges to the trial court's summary judgment order and conclude that they have no merit.

B.  Other Issues

As we are dismissing plaintiff-appellants' appeal we need not address defendant-appellees' other arguments in their motion to dismiss or plaintiffs' argument on appeal.

III. Conclusion

As plaintiff-appellants failed to comply with the plain language of a rule of appellate procedure, we dismiss.

DISMISSED.

Judges HUNTER, JR. and ERVIN concur.