MNC HOLDINGS, LLC, Petitioner v. TOWN OF MATTHEWS, Respondent

No. COA12-703

(Filed 20 November 2012)

**1. Appeal and Error—service of notice of appeal—non-jurisdictional—not a substantial or gross violation of appellate rules**

The trial court had jurisdiction even though petitioner MNC Holdings contended it was not properly served notice of appeal in this matter. Any error in service made by the Town was non-jurisdictional and was not a substantial or gross violation of the appellate rules.

**2. Zoning—variance petition—structural alterations when "required by law"**

The trial court did not err by reversing the Town board's denial of a variance petition based on its erroneous application of

Section 153.224(D) of the Town of Matthews' Zoning Ordinance. The plain meaning of the zoning ordinance suggested that it allowed structural alterations when "required by law" in general. Because MNC was compelled by law to make the alteration, the ordinance should be interpreted liberally.

**3. Judgments—recitation of facts in record—not freestanding findings of fact**

Those portions of the judgment contested by respondent Town in a zoning case were merely a recitation of the facts contained in the record and not freestanding "findings of fact." Regardless, even if these portions somehow mischaracterized the evidence in the record before the trial court, there was no indication that the trial court's ultimate interpretation of the zoning ordinance would have been different absent these portions of its judgment.

Appeal by Respondent from judgment entered 19 March 2012 by Judge Forrest D. Bridges in Mecklenburg County Superior Court. Heard in the Court of Appeals 24 October 2012.

*Smith Moore Leatherwood LLP, by Thomas E. Terrell, Jr. and Elizabeth Brooks Scherer, and Bringewatt & Snover, PLLC, by Kevin M. Bringewatt, for Petitioner-appellee.*

*Hamilton Stephens Steele & Martin, PLLC, by Rebecca K. Cheney, for Respondent-appellant.*

HUNTER JR., Robert N., Judge.

This appeal arises from the denial of a variance petition by the Town of Matthews ("the Town"). Petitioner MNC Holdings, LLC ("MNC") sought review of the denial by writ of certiorari in superior court, which was granted. The court then reversed the denial of the petition, concluding the Town erroneously applied Section 153.224(D) of the Town of Matthews' Zoning Ordinance. For the following reasons, we hold that the trial court's application of the Ordinance was correct and affirm.

**I. Factual & Procedural History**

Since the 1980s, MNC and its predecessors have operated a medical waste incineration facility in the Town of Matthews. In 1991, the Town annexed the subject property and rezoned the land on which the facility is located from Heavy Industrial use to Single-Family

Residential use. This rezoning made the existing facility a "noncon-forming use."[1] This status requires MNC to seek permission from the Town by variance petition before making physical alterations to the facility.

Since 1991, changes in Environmental Protection Agency regula-tions governing medical waste incinerators required MNC's air pollu-tion equipment to be upgraded. On at least one prior occasion, the Town allowed MNC to make alterations to its facility. In 2009, the EPA and the North Carolina Department of Environment and Natural Resources ("DENR") adopted more stringent air quality regulations. These air quality regulations are enforced by DENR.

While the regulations at issue here were not scheduled to take effect until 2014, the Town petitioned DENR's Mecklenburg County Air Quality Division to shorten the time frame for MNC's compliance. At the Town's request, the date for MNC to comply was advanced to 6 October 2012. MNC promptly requested a variance from the Town. MNC explained that extensive and accelerated modifications to its facility would be necessary in order to comply with the new regula-tions in this shortened timeframe. In evaluating MNC's request for a variance, the Town zoning administrator held that Section 153.224(D) of the Town of Matthews' Zoning Ordinance ("the Ordinance") would not permit MNC to make the necessary alterations. His interpretation of the Ordinance would limit modifications to MNC's plant to only those alterations required by law to ensure the safety of the structure.

Following the zoning administrator's denial of MNC's request to make the necessary changes, MNC appealed to the Town's zoning board. On 3 November 2011, the zoning board unanimously upheld the zoning administrator's decision denying the variance. As required by the Ordinance, MNC then filed a petition for writ of certiorari for judicial review. The petition for review was granted and a hearing was held on 26 January 2012. The arguments presented at that hear-ing are discussed *infra*.

On 19 March 2012, the trial court reversed the Town's decision. On 20 March 2012, the Town properly filed notice of appeal. The same day, the Town emailed its notice of appeal to MNC's counsel of record. After the deadline for service by mail of the notice of appeal

---

1. The Town's zoning code defines a non-conforming use generally as one which "may not meet the minimum standards contained in [the zoning code] because they were developed under no specific standards or under standards which were less restrictive." Town of Matthews Zoning Ordinance § 153.220 (2012).

had expired on 18 April 2012, MNC moved in the trial court to dismiss the Town's appeal for failure to timely serve its notice of appeal as provided by Rule 3 of the N.C. Rules of Appellate Procedure. Judge Hugh B. Lewis of the Mecklenburg County Superior Court denied the motion to dismiss. MNC has renewed its motion to dismiss in this Court.

## II. Jurisdiction

This Court has jurisdiction over appeals from the final judgments of Superior Courts in civil cases. N.C. Gen. Stat. § 7A–27(b) (2011). This includes appeals arising from "any final judgment entered upon review of a decision of an administrative agency." *Id.; see also Premier Plastic Surgery Center, PLLC v. Bd. of Adjustment for Town of Matthews*, ____ N.C. App. ____, ____, 713 S.E.2d 511, 514 (2011) ("Jurisdiction in this Court is proper pursuant to N.C. Gen. Stat. § 7A–27(b) [as] . . . a right of appeal lies . . . from the final judgment of a superior court entered upon review of a decision of an administrative agency." (quotation marks and citation omitted)).

## III. Analysis

### A. MNC's Motion to Dismiss

[1] MNC argues this Court lacks jurisdiction because MNC was not properly served notice of appeal in this matter. MNC contends the Town's email service of its notice of appeal did not comply with N.C. R. App. P. 3(e), which specifies that "[s]ervice of copies of the notice of appeal may be made as provided in [N.C. R. App. P. 26]." MNC argues email is not a method of service permitted by Rule 26, and therefore the Town's service violates the appellate rules, thus divesting this Court of jurisdiction to hear the Town's appeal. While MNC is correct that Rule 26 has not been strictly complied with, we disagree with MNC's conclusion that this Court lacks jurisdiction to hear the Town's appeal.

Prior to 1993, our Supreme Court held that both filing and proper service of the notice of appeal were jurisdictional requirements that must be met in order for our appellate courts to have jurisdiction. *See Crowell Constructors, Inc. v. State ex rel. Cobey*, 328 N.C. 563, 563, 402 S.E.2d 407, 408 (1991) (stating that "[u]nder . . . the Rules of Appellate Procedure, a party entitled by law to appeal from judgment of superior court rendered in a civil action may take appeal by filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties in a timely manner. This rule is jurisdictional.").

In 1993, the Supreme Court held that proper filing of a notice of appeal is necessary to vest appellate courts with subject matter jurisdiction. However the manner of proper service of that notice is not a matter of subject matter jurisdiction, but rather a matter of personal jurisdiction which may be waived by a party. *See Hale v. Afro-American Arts Int'l*, 335 N.C. 231, 436 S.E.2d 588 (1993).

Following *Hale*, our Supreme Court decided *Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 657 S.E.2d 361 (2008). The Court in *Dogwood* noted that "a party's failure to comply with nonjurisdictional rule requirements normally should not lead to dismissal of the appeal." *Id.* at 198, 657 S.E.2d at 365. However, even non-jurisdictional errors may lead to dismissal of appeal if the error is substantial or gross. *Id.* at 199, 657 S.E.2d at 366.

> In determining whether a party's noncompliance with the appellate rules rises to the level of a substantial failure or gross violation, the court may consider, among other factors, whether and to what extent the noncompliance impairs the court's task of review and whether and to what extent review on the merits would frustrate the adversarial process.

*Id.* at 200, 657 S.E.2d at 366–67.

In *Lee v. Winget Rd., LLC*, this Court held in light of *Hale* and *Dogwood* that proper service of a notice of appeal is a non-jurisdictional requirement. 204 N.C. App. 96, 102, 693 S.E.2d 684, 689 (2010) (holding that "where a notice of appeal is properly and timely filed, but not served upon all parties" the "violation of Rule 3 is a non-jurisdictional defect"). Nevertheless, the Court in *Lee* dismissed the appeal, holding that the failure of the appellant to provide any notice whatsoever to some of the parties was a substantial violation of the rules necessitating dismissal. *Id.* at 103, 693 S.E.2d at 690. The Court explained that:

> two of the parties to this case were never informed of the fact ·that there was an appeal which affects their interests, [and] this Court has no way of knowing the positions these parties would have taken in this appeal. The fact that these parties have not objected to our consideration of the appeal is irrelevant, because as far as we can tell from the record, these parties are unaware of the appeal. Simply put, all parties to a case are entitled to notice that a party has appealed.

*Id.* The Court concluded that the *Lee* appellant's "noncompliance has impaired this Court's task of review and that review on the merits would frustrate the adversarial process." *Id.* at 102, 693 S.E.2d at 690.

Here we hold that any error in service made by the Town is non-jurisdictional and is not a substantial or gross violation of the appellate rules. In contrast to the appellees in *Lee*, MNC has been given *actual notice* of the Town's appeal, allowing them to fully participate in the proceedings. Moreover, both parties to this appeal are present and have submitted well researched briefs. Any technical error in service alleged by MNC has not materially impeded the adversarial process or impaired our ability to examine the merits of this appeal. As our Supreme Court has observed, "it is the task of an appellate court to resolve appeals on the merits if at all possible." *Dogwood Dev. & Mgmt. Co.*, 362 N.C. at 199, 657 S.E.2d at 366. We cannot conclude under these circumstances that the Town's noncompliance is "substantial or gross" noncompliance with our appellate rules. While practitioners need be cautioned that non-compliance with the Rules in future cases may result in dismissal and that an appellate discussion of their failure to follow the rules should be unnecessary, dismissal of the Town's appeal is unwarranted under the facts of this case.

## B. Interpretation of the Ordinance

**[2]** Our review of a "trial court's zoning board determination is limited to determining [(1)] whether the superior court applied the correct standard of review, and to determin[ing] [(2)] whether the superior court correctly applied that standard." *Bailey & Assoc., Inc. v. Wilmington Bd. of Adjustment*, 202 N.C. App. 177, 190, 689 S.E.2d 576, 586 (2010) (quotation marks and citation omitted) (second alteration in original). The superior court reviews a board of adjustment's interpretation of a municipal ordinance *de novo. Morris Comm. Corp. v. City of Bessemer*, 365 N.C. 152, 155, 712 S.E.2d 868, 871 (2011). From the record it is clear that the trial court employed the proper standard of review. The issue in this appeal is whether the trial court's legal interpretation of the Ordinance was correct. Because interpretation of the Ordinance is a question of law, we also employ *de novo* review. *See Lamar Outdoor Adv., Inc. v. Hendersonville Zoning Bd.*, 155 N.C. App. 516, 518, 573 S.E.2d 637, 640 (2002). "Under *de novo* review a reviewing court considers the case anew and may freely substitute its own interpretation of an ordinance for a board of adjustment's conclusions of law." *Morris Comm. Corp.*, 365 N.C. at 156, 712 S.E.2d at 871.

MNC HOLDINGS, LLC v. TOWN OF MATTHEWS

[223 N.C. App. 442 (2012)]

The parties present two fundamentally different interpretations of the Ordinance, which reads as follows:

> No structural alterations are allowed to any structure containing a nonconforming use except for those required by law or an order from the office or agent authorized by the Board of Commissioners to issue building permits to ensure the safety of the structure. **(Doc. Ex. 470).**

The Town argues the Ordinance allows only alterations to nonconforming uses required by law to ensure the safety of the structure; thus, because the EPA regulations are not aimed at ensuring the safety of the structure, MNC is not permitted to make the alterations. The Town asserts that the plain meaning and purpose of the Ordinance is to regulate building safety, and that this fact, coupled with North Carolina law's disfavoring of nonconforming uses, warrants reversal of the trial court.

MNC contends that the Ordinance allows any alteration required by law; thus, the alteration should be allowed because the EPA regulation is a law requiring alterations to MNC's structure. The trial court agreed, explaining that "the intent of [the Ordinance] is to allow property owners of buildings that house a nonconforming use to make structural alterations that are required by law," and reversed the Town's narrow construction of the Ordinance. We agree with the trial court's interpretation that the plain meaning of the Ordinance suggests that it allows structural alterations when "required by law" in general.

Our Supreme Court has observed that:

> [w]hen construing statutes, this Court first determines whether the statutory language is clear and unambiguous. If the statute is clear and unambiguous, we will apply the plain meaning of the words, with no need to resort to judicial construction. However, when the language of a statute is ambiguous, this Court will determine the purpose of the statute and the intent of the legislature in its enactment.

*Wiggs v. Edgecombe Cty.*, 361 N.C. 318, 322, 643 S.E.2d 904, 907 (2007) (internal citations and quotation marks omitted).

A plain reading of the Ordinance would apply the phrase "to ensure the safety of the structure" only to the phrase immediately preceding it, "an order from the office or agent authorized by the

Board of Commissioners to issue building permits[,]" and not to the prior phrase "those required by law[.]" *See* **Doc. Ex. 470.** However, in exercising a *de novo* construction of the statute, the trial court additionally examined the "intent" of the Ordinance. Thus, we must also examine the intent.

The intent of the statute is to allow property owners to make alterations when such alterations are "required by law." In our legal system, town ordinances must defer to state and federal laws. *See, e.g., Craig v. Cty. of Chatham*, 356 N.C. 40, 53, 565 S.E.2d 172, 180–81 (2002) (finding a town's ordinance to be preempted by state law).[2] The fact that the Town enacted the Ordinance recognizes this fact. Further, "[z]oning ordinances are in derogation of the right of private property, and, where exemptions appear in favor of the property owner, they should be liberally construed in favor of such owner." *In re W.P. Rose Builders' Supply Co.*, 202 N.C. 496, 500, 163 S.E. 462, 464 (1932). Our Supreme Court has observed that this is especially true when property owners are required by law to make alterations to their property. *See Morris Comm. Corp.*, 365 N.C. at 159, 712 S.E.2d at 873. (finding a company could reinstall a nonconforming sign after being required to remove it because of a state highway project because "[o]ne of the fundamental purposes of zoning boards of adjustment is to provide flexibility and 'prevent . . . practical difficulties and unnecessary hardships' resulting from strict interpretations of zoning ordinances") (citation omitted) (second alteration in original); *In re O'Neal*, 243 N.C. 714, 719, 92 S.E.2d 189, 192 (1956) (finding a nursing home had the right to construct a new fireproof building required by law despite the Zoning Board of Adjustment's refusal).

Accordingly, because MNC is compelled by law to make the alteration, the Ordinance should be interpreted liberally. The provision of the Ordinance allowing for alterations "required by law" was placed there by the legislators specifically for the purpose of "provid[ing] flexibility and 'prevent[ing] practical difficulties and unnecessary hardships.' " *See Morris Comm. Corp.*, 365 N.C. at 159, 712 S.E.2d at 873. (citation omitted) Accordingly, we affirm the trial court's reversal of the zoning board.

---

2. Federal regulations are generally given the same deference as federal statutes under a preemption analysis. *See Hopkins v. Ciba-Geigy Corp.*, 111 N.C. App. 179, 185, 432 S.E.2d 142, 145 (1993) ("Preemption is not limited to conflicts between state and federal statutes; federal regulatory schemes may preempt state common-law . . . as well.").

## C. Erroneous "Findings of Fact"

**[3]** The Town additionally contends that the trial court erroneously made "findings of fact" that "there is substantial evidence in the Record that the required alterations can be accomplished within the footprint where the existing equipment and structures are located" and that "a previous zoning administrator had allowed *structural* alterations to Petitioner's property[.]" However, these portions of the judgment appear to be merely a recitation of the facts contained in the record, not freestanding "findings of fact." Regardless, even if these portions of the judgment somehow mischaracterize the evidence in the record before the trial court, there is no indication that the trial court's ultimate interpretation of the Ordinance would have been different absent these portions of its judgment.

## IV. Conclusion

For the foregoing reasons, the judgment of the trial court is

AFFIRMED.

Judges HUNTER, Robert C., and CALABRIA concur.