DILLON, Judge.
 

 *673
 
 Rodney Johnathan Ross ("Defendant") appeals from jury verdicts finding him guilty of several felonies including safecracking in conjunction with a breaking and entering that occurred at a fast-food restaurant in Fayetteville. For the foregoing reasons, we vacate the conviction for safecracking; we find no error with respect to the other convictions; and we remand the matter for further proceedings not inconsistent with this opinion.
 

 I. Background
 

 At trial, the State's evidence tended to show as follows:
 

 On the morning of 20 August 2014, an employee arrived at the restaurant and noticed that an air conditioning unit had been removed from the rear of the building, leaving a hole in the wall. The store's surveillance system captured a video of the break-in which showed a individual pulling out the air conditioning unit and entering the restaurant. The intruder attempted to access the safe using paper that appeared to have a safe code on it. After repeatedly attempting to open the safe, the intruder returned to the opening in the rear wall of the building and appeared to converse with someone outside. The intruder then took several boxes of hamburger meat from a cooler and exited the premises.
 

 At least two employees and the store owner testified that they believed the intruder in the video to be Defendant. The State also presented evidence that Defendant's girlfriend ("Ms. Jackson") had been employed at the restaurant as a manager; that as a manager, Ms. Jackson had access to the restaurant's safe combination; that Ms. Jackson was fired from her position as manager approximately two days before the break-in; and that coordinates from Ms. Jackson's GPS tracking bracelet (worn as a condition of her probation for an unrelated incident) showed that she was in the vicinity of the restaurant in the early morning hours when the break-in occurred.
 

 Based on this and other evidence presented by the State, a jury found Defendant guilty of a number of felonies, including safecracking. Following the jury's verdicts, Defendant pleaded guilty to the offense of attaining habitual felon status. The trial court consolidated the charges for judgment and sentenced Defendant to an active prison term.
 

 Defendant timely appealed; however, his notice of appeal failed to designate the court to which his appeal was being taken as required by Rule 4 of the North Carolina Rules of Appellate Procedure. Defendant
 
 *674
 
 has filed a petition for a writ of
 
 certiorari
 
 requesting review of the judgment of the trial court. In our discretion, we allow the petition and consider the merits of Defendant's appeal.
 

 II. Analysis
 

 On appeal, Defendant argues that (1) the trial court committed plain error by admitting the surveillance video into evidence; and (2) the trial court erred in its jury instructions regarding the safecracking charge. We address each argument in turn.
 

 *157
 
 A. Videotape Evidence
 

 In his first argument, Defendant contends that the store manager's testimony was insufficient to authenticate the surveillance video because the testimony failed to establish the reliability of the surveillance system. Because defense counsel did not object to the admission of the video at trial, we review this issue for plain error.
 
 See
 

 State v. Black
 
 ,
 
 308 N.C. 736
 
 , 739-41,
 
 303 S.E.2d 804
 
 , 806-07 (1983).
 

 We hold that the surveillance video was properly authenticated based on decisions from our Supreme Court, including its recent decision in
 
 State v. Snead,
 

 368 N.C. 811
 
 ,
 
 783 S.E.2d 733
 
 (2016).
 

 In
 
 Snead
 
 , our Supreme Court held that the recordings from a store's automatic surveillance camera "can be authenticated as the accurate product of an automated process" under North Carolina Rule of Evidence 901(b)(9).
 
 Snead
 
 ,
 
 368 N.C. at 814
 
 ,
 
 783 S.E.2d at 736
 
 (internal quotation marks omitted). The Supreme Court determined that a detailed chain of custody for the video need not be shown unless the video is "not readily identifiable or is susceptible to alteration and there is reason to believe that it may have been altered."
 

 Id.
 

 at 815
 
 ,
 
 783 S.E.2d at 737
 
 (internal quotation marks omitted). Rather, the proponent must simply introduce "[e]vidence that the recording process is reliable and that the video introduced at trial is the same video that was produced by the recording process."
 

 Id.
 

 at 814
 
 ,
 
 783 S.E.2d at 736
 
 . It is generally sufficient for the party offering the video to "satisfy the trial court that the item is what it purports to be and has not been altered."
 

 Id.
 

 at 815
 
 ,
 
 783 S.E.2d at 737
 
 .
 

 The
 
 Snead
 
 Court concluded that the testimony of a retailer's loss prevention manager was sufficient to authenticate the store's surveillance video, although the manager was not otherwise present at the time of the theft, where the manager testified that (1) the recording equipment was "industry standard," (2) it was in proper working order on the
 
 *675
 
 date in question, (3) the system contained safeguards to prevent tampering, such as a time stamp and (4) the video introduced at trial was the same video he had watched on the digital video recorder.
 
 Id
 
 .
 

 In the present case, the store manager testified that: (1) the surveillance system was comprised of sixteen night vision cameras, (2) he knew the cameras were working properly on the date in question because the time and date stamps were accurate, and (3) a security company manages the system and routinely checks the network to make sure the cameras remain online. The store manager also testified that the video being offered into evidence at trial was the same video he viewed immediately following the incident and that it had not been edited or altered in any way. Guided by our
 
 Snead
 
 and other decisions from our Supreme Court cited therein, we hold that the store manager's testimony is sufficient to lay a foundation for the admission of the surveillance video into evidence under Rule 901.
 

 Even assuming,
 
 arguendo
 
 , that the store manager's testimony was not sufficient to lay a proper foundation, we hold that any error of the video's admission into evidence did not rise to the level of plain error in this particular case. Specifically, Defendant has not made any showing that the State would not have been able to lay a proper foundation had Defendant lodged an objection or that the video was somehow flawed.
 
 See
 

 State v. Cummings
 
 ,
 
 352 N.C. 600
 
 , 620-21,
 
 536 S.E.2d 36
 
 , 51-52 (2000) ;
 
 State v. Jones
 
 ,
 
 176 N.C.App. 678
 
 , 682-84,
 
 627 S.E.2d 265
 
 , 268-69 (2006). Accordingly, this argument is overruled.
 

 B. Jury Instruction on Safecracking Charge
 

 In his second argument, Defendant contends that the trial court erred by giving jury instructions on the safecracking charge which varied materially from the allegations contained in the indictment.
 
 See
 

 State v. Williams
 
 ,
 
 318 N.C. 624
 
 , 631,
 
 350 S.E.2d 353
 
 , 357 (1986) (stating that "the failure of the allegations [in the indictment] to conform to the equivalent material aspects of the jury charge represents a fatal variance, and renders the indictment insufficient to support the resulting conviction"). Specifically, Defendant points out that the indictment charged him with committing the offense "by means of [ ] a
 
 fraudulently acquired
 
 combination to
 
 *158
 
 the safe," whereas the trial court instructed the jury that it could convict if it determined that Defendant obtained the safe combination "by
 
 surreptitious means
 
 ."
 

 Our review of this issue on appeal is for
 
 plain
 
 error, as Defendant failed to object to the jury instruction at trial on the basis that it varied
 
 *676
 
 materially from the indictment.
 
 [1]
 

 See
 

 State v. Francis
 
 ,
 
 341 N.C. 156
 
 , 159-62,
 
 459 S.E.2d 269
 
 , 270-73 (1995) ;
 
 State v. Odom
 
 ,
 
 307 N.C. 655
 
 , 660-62,
 
 300 S.E.2d 375
 
 , 378-79 (1983). To demonstrate plain error, Defendant must not only show error, but also prejudice-that, but for the error, the jury likely would have reached a different result.
 
 State v. Tucker
 
 ,
 
 317 N.C. 532
 
 , 539,
 
 346 S.E.2d 417
 
 , 421 (1986).
 

 One essential element of the crime of safecracking is
 
 the means
 
 by which the defendant attempts to open a safe. In the present case,
 
 no
 
 evidence was presented by the State from which the jury could have concluded that Defendant attempted to open the safe by
 
 the means
 
 as alleged in the indictment (by means of a "fraudulently acquired combination to the safe"). The State, however, did offer evidence from which the jury could conclude that Defendant attempted to crack the safe by the means contained in the jury instruction (by using a combination obtained "by surreptitious means"). Accordingly, as more fully explained below, we reverse Defendant's safecracking conviction.
 
 See
 

 Williams
 
 ,
 
 318 N.C. at 631
 
 ,
 
 350 S.E.2d at 357
 
 (holding that a variance between the indictment and the jury instruction is
 
 fatal
 
 where the variance concerns an offense element).
 

 "It is a rule of universal observance in the administration of criminal law that a defendant must be convicted, if convicted at all, of the particular offense charged in the bill of indictment."
 
 State v. Barnett
 
 ,
 
 368 N.C. 710
 
 ,
 
 782 S.E.2d 885
 
 , 888 (2016) (internal quotation marks omitted). If the indictment's allegations do not conform to the "equivalent material aspects of the jury charge," this discrepancy is considered a fatal variance.
 
 Williams
 
 ,
 
 318 N.C. at 631
 
 ,
 
 350 S.E.2d at 357
 
 .
 

 In the present case, Defendant was convicted of safecracking under
 
 N.C. Gen. Stat. § 14-89.1
 
 for attempting
 
 [2]
 
 to open the restaurant safe. The elements of this crime are set forth in the statute as follows:
 

 (a) A person is guilty of safecracking if he unlawfully opens, enters, or attempts to open or enter a safe or vault:
 

 (1) By the use of explosives, drills, or tools; or
 
 *677
 
 (2) Through the use of a stolen combination, key, electronic device, or other
 
 fraudulently acquired implement or means
 
 ; or
 

 (3) Through the use of a master key, duplicate key or device made or obtained in an unauthorized manner, stethoscope or other listening device, electronic device used for unauthorized entry in a safe or vault, or other
 
 surreptitious means
 
 ; or
 

 (4) By the use of any other safecracking implement or means.
 

 N.C. Gen. Stat. § 14-89.1
 
 (a)(1)-(4) (2013) (emphasis added). The
 
 means
 
 element which must be alleged and proven by the State is outlined in subsections (1)-(4) of the statute.
 

 In the present case, the safecracking indictment alleged that Defendant attempted to open the restaurant safe "by means of [ ]
 
 a fraudulently acquired combination to the safe
 
 ." This allegation is sufficient on its face to support a conviction under subsection (2) of
 
 N.C. Gen. Stat. § 14-89.1
 
 , which proscribes safecracking "[t]hrough the use of [some] fraudulently acquired implement or means."
 

 Id.
 

 § 14-89.1(a)(2).
 

 The record shows, however, that the trial court instructed the jury that it could convict Defendant if it determined that he attempted to open the restaurant safe using a combination obtained "by
 
 surreptitious
 
 means," as indicated in subsection (3) of
 
 N.C. Gen. Stat. § 14-89.1
 
 .
 

 Id.
 

 § 14-89.1(a)(3).
 

 *159
 
 The term "surreptitious" is defined in Black's Law Dictionary as "
 
 unauthorized
 
 and clandestine; stealthily and
 
 usu. fraudulently done
 
 ." BLACK'S LAW DICTIONARY 1458 (7th ed. 1999) (emphasis added). As indicated in this definition, the term "surreptitious" undoubtedly includes fraudulent acts; however, it also encompasses other conduct, such as an "unauthorized" act
 
 not
 
 involving fraud.
 

 In the context of the present case, while the "surreptitious means" jury instruction
 
 could include
 
 a finding that Defendant fraudulently obtained the combination (as alleged in the indictment), the instruction also allows for a conviction based on a finding that Defendant obtained the combination in an unauthorized, non-fraudulent manner. Our Court has previously held that an error of this type is harmless where essentially the same evidence is required to prove both the State's theory as contained in the indictment and the theory as contained in the erroneous instruction.
 

 *678
 

 State v. Clinding
 
 ,
 
 92 N.C.App. 555
 
 , 562,
 
 374 S.E.2d 891
 
 , 895 (1989). However, here, we conclude that the variance is not harmless. The State offered no evidence that Defendant "fraudulently obtained" the combination. Rather, the evidence indicates that Defendant's girlfriend, Ms. Jackson, was given the combination when she worked as a manager of the restaurant but that she used the combination in an unauthorized (surreptitious) manner when she provided the combination to Defendant.
 

 We note that the trial court recognized that the State's evidence did not support the crime as alleged in the indictment. The court
 
 initially
 
 instructed the jury that it could convict Defendant if it found that he "fraudulently acquired" the combination, as alleged in the indictment. However, after consulting with counsel, the trial court modified the instruction, replacing the term "fraudulently" with "surreptitious," stating that the original instruction did not "fit[ ] the evidence as presented in this case."
 

 In reaching our result, we are guided by decisions from our Supreme Court. For instance, in
 
 Williams
 
 , our Supreme Court reversed the conviction of a defendant for forcible rape under
 
 N.C. Gen. Stat. § 14-27.21
 
 .
 
 Williams
 
 ,
 
 318 N.C. at 632
 
 ,
 
 350 S.E.2d at 358
 
 . Under that statute, an individual is guilty of forcible rape if he commits a rape
 
 and
 
 does one of three additional acts set forth in the statute.
 
 N.C. Gen. Stat. § 14-27.21
 
 (2013). In
 
 Williams
 
 , the defendant was charged with the first-degree rape of his 12-year-old daughter in an indictment that alleged the rape was "by force and against her will[,]" but that did not allege that his daughter was under the age of 13 years of age, an alternate theory for the offense.
 
 Williams
 
 ,
 
 318 N.C. at 625
 
 ,
 
 350 S.E.2d at 354
 
 .
 
 See generally
 

 N.C. Gen. Stat. § 14-27.2
 
 (a)(1), (2) (2013).
 
 [3]
 
 However, the trial court instructed the jury that it could find the defendant guilty of first-degree rape if the jurors found that the defendant engaged in the act, "at the time, [the victim] was a child under the age of thirteen years."
 
 Williams
 
 ,
 
 318 N.C. at 630
 
 ,
 
 350 S.E.2d at 357
 
 (internal quotation marks omitted). Our Supreme Court additionally stated:
 

 The requirements of a valid indictment are that it be sufficiently certain in the statement of the accusation so as to identify the offense with which the accused is charged; to protect the accused from being twice put in jeopardy for the same offense; to enable the accused to prepare for trial
 
 *679
 
 and to enable the court on conviction or plea of guilty to pronounce sentence according to the rights of the case. ... An indictment that does not accurately and clearly allege all of the elements of the offense is inadequate to support a conviction. ... Finally, the failure of the allegations to conform to the equivalent material aspects of the jury charge represents a fatal variance, and renders the indictment insufficient to support that resulting conviction. ...
 

 Because the jury in this case was instructed and reached its verdict on the basis of the elements set out in N.C.G.S. § 14.27.2(a)(1), whereas defendant had been charged with rape on the basis of the elements set out in N.C.G.S. § 14-27.2(a)(2) [by means of force] ..., the indictment under which [the] defendant was brought to trial cannot be considered to
 
 *160
 
 have been a valid basis on which to rest the judgment. Therefore, we hold that the instructions given to the jury pursuant to N.C.G.S. § 14-27.2(a)(1) were fundamentally in error.
 

 Id.
 
 at 630-31,
 
 350 S.E.2d at 357
 
 (citations omitted).
 
 See also
 

 Tucker
 
 ,
 
 317 N.C. at 540
 
 ,
 
 346 S.E.2d at 422
 
 (finding plain error where the defendant was indicted for kidnapping
 
 by removal
 
 , but convicted after the jury was instructed on a theory of kidnapping
 
 by restraint
 
 );
 
 State v. Brown
 
 ,
 
 312 N.C. 237
 
 , 248,
 
 321 S.E.2d 856
 
 , 862-63 (1984) (finding plain error where the defendant was indicted for first-degree kidnapping on theories of facilitation of a felony and the victim was not released in a safe place, but the jury was instructed on the theory that the victim was terrorized and sexually assaulted). The Court therefore vacated the judgment because the defendant was never charged in the rape indictment under the only theory which the jury was instructed to consider.
 
 Williams
 
 ,
 
 318 N.C. at 631
 
 ,
 
 350 S.E.2d at 357
 
 .
 
 See also
 

 State v. Taylor
 
 ,
 
 301 N.C. 164
 
 ,
 
 270 S.E.2d 409
 
 (1980) (vacating a kidnapping conviction, stating that "[i]t is a well-established rule in this jurisdiction that it is error, generally prejudicial, for the trial judge to permit a jury to convict upon some abstract theory not supported by the bill of indictment");
 
 State v. Thorpe
 
 ,
 
 274 N.C. 457
 
 ,
 
 164 S.E.2d 171
 
 (1968).
 

 The critical similarity between
 
 Williams
 
 and the present case is that there was
 
 no
 
 evidence produced at trial that would support the pertinent element alleged in the indictment, while there was evidence presented which supported the element on which the jury was instructed. It is not surprising that each jury (in
 
 Williams
 
 and in the present case) returned a guilty verdict after being instructed on an element supported
 
 *680
 
 by the evidence produced at trial, though not alleged in the indictment. Likewise, it is clear that if instructed only on the theory alleged in the indictment, each jury, faced with a complete lack of evidence in support of the relevant element,
 
 [4]
 
 would have returned a not-guilty verdict. This is precisely the prejudice required to show plain error: that, but for the erroneous instruction, the jury likely would have reached a different result.
 
 See
 

 Tucker
 
 ,
 
 317 N.C. at 539
 
 ,
 
 346 S.E.2d at 421
 
 .
 

 III. Conclusion
 

 For the foregoing reasons, we hereby vacate Defendant's conviction for felonious safecracking and remand this matter to the trial court for resentencing and further proceedings consistent with this opinion.
 
 See
 

 State v. Wortham
 
 ,
 
 318 N.C. 669
 
 , 674,
 
 351 S.E.2d 294
 
 , 297 (1987) (holding that when offenses are consolidated for judgment, the proper procedure is "to remand for resentencing when one or more but not all of the convictions consolidated for judgment has been vacated"). We find no error in Defendant's remaining convictions.
 

 NO ERROR IN PART, VACATED AND REMANDED IN PART.
 

 Judges BRYANT and STEPHENS concur.
 

 [1]
 

 In his brief, Defendant acknowledges his failure to lodge a proper objection at trial to the instruction but argues on appeal for plain error review.
 

 [2]
 

 Our Supreme Court has held that
 
 N.C. Gen. Stat. § 14-89.1
 
 makes "the completed act of safecracking and the attempted safecracking offenses of equal dignity."
 
 State v. Sanders
 
 ,
 
 280 N.C. 81
 
 , 88,
 
 185 S.E.2d 158
 
 , 163 (1971).
 

 [3]
 

 Section 14-27.2 was re-codified as
 
 N.C. Gen. Stat. § 14-27.21
 
 by Session Laws 2015-181, s. 3(a) effective 1 December 2015, and applicable to offenses committed on or after that date.
 

 [4]
 

 The complete lack of evidence that Defendant obtained the combination by
 
 fraud
 
 led the trial court to stop proceedings in the middle of the jury charge, send the jury out of the courtroom, and initiate a discussion with counsel about how to instruct the jury on the safecracking charge, noting, "The [S]tate has a problem."