ZACHARY, Judge.
 

 *377
 
 Plaintiff James A. Bradley appeals from an Opinion and Award of the North Carolina Industrial Commission. In that Plaintiff failed to establish that his notice of appeal was properly and timely filed, this Court lacks jurisdiction. Accordingly, we dismiss Plaintiff's appeal.
 

 I. Background
 

 On 28 March 2017, Deputy Commissioner Lori A. Gaines issued an Opinion and Award concluding Plaintiff was entitled to workers' compensation benefits and awarding Plaintiff disability benefits. Defendants appealed to the Full Commission, and on 7 November 2017, the Full Commission entered an Opinion and Award reversing in part and affirming in part the Deputy Commissioner's Opinion and Award.
 

 Plaintiff filed his notice of appeal to this Court. Plaintiff's counsel printed the notice of appeal on his firm's letterhead and addressed the notice to Commissioner Phillip A. Baddour, III of the Industrial Commission, confirmation receipt requested. Although the notice indicated that it was filed with the Industrial Commission "via Electronic Filing Portal," it lacked any time stamp indicating if or when the Industrial Commission received Plaintiff's notice of appeal. At the bottom of the notice was a notation of "cc via email: Dayle Flammia, Counsel for Defendants," indicating that opposing counsel was to receive a copy of the notice of appeal via email. Further, Plaintiff failed to include a certificate of service in the record on appeal demonstrating how and when Plaintiff served opposing counsel with a copy of the notice of appeal. Finally, the body of the notice failed to state the court to which appeal was being taken.
 

 II. Appellate Jurisdiction
 

 This Court has the power to inquire into jurisdiction at any time, even
 
 sua sponte
 
 .
 
 Lee v. Winget Rd., LLC
 
 ,
 
 204 N.C. App. 96
 
 , 98,
 
 693 S.E.2d 684
 
 , 687 (2010). We must have jurisdiction to hear the cases before us, and
 
 *418
 
 our power to hear those cases must be "properly invoked by an interested party."
 
 *378
 

 Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.
 
 ,
 
 362 N.C. 191
 
 , 197,
 
 657 S.E.2d 361
 
 , 364 (2008). Both statute and our Rules of Appellate Procedure provide the proper method by which interested parties may successfully invoke our jurisdiction.
 
 Id.
 
 at 197,
 
 657 S.E.2d at 364-65
 
 ,
 
 362 N.C. 191
 
 ("The appellant's compliance with the jurisdictional rules governing the taking of an appeal is the linchpin that connects the appellate division with the trial division and confers upon the appellate court the authority to act in a particular case."). When an appealing party fails to follow the steps necessary to vest this Court with jurisdiction, we cannot review the case on the merits, and the appeal must be dismissed.
 

 Id.
 

 at 197
 
 ,
 
 657 S.E.2d at 364
 
 ,
 
 362 N.C. 191
 
 .
 

 Generally, violations of Rule 3 are jurisdictional and warrant dismissal of an appeal.
 

 Id.
 

 at 197
 
 ,
 
 657 S.E.2d at 365
 
 ,
 
 362 N.C. 191
 
 (citing
 
 Bailey v. State
 
 ,
 
 353 N.C. 142
 
 , 156,
 
 540 S.E.2d 313
 
 , 322 (2000) ). However, certain violations of the appellate rules are nonjurisdictional and do not invariably warrant dismissal of an appeal.
 
 Id.
 
 at 200,
 
 657 S.E.2d at 366-67
 
 ,
 
 362 N.C. 191
 
 . Non-jurisdictional rules are those that are "designed primarily to keep the appellate process flowing in an orderly manner."
 

 Id.
 

 at 198
 
 ,
 
 657 S.E.2d at 365
 
 ,
 
 362 N.C. 191
 
 (citation and quotation marks omitted). The violation of non-jurisdictional rules warrants dismissal only when the violation or violations amount to a "substantial failure or gross violation" of the Appellate Rules that impairs this Court's task of review or frustrates the adversarial process.
 

 Id.
 

 at 200
 
 ,
 
 657 S.E.2d at 366
 
 ,
 
 362 N.C. 191
 
 .
 

 A. Appealing Cases from the Industrial Commission
 

 The Workers' Compensation Act provides a right to appeal Industrial Commission cases to this Court:
 

 [E]ither party to the dispute may, within 30 days from the date of the award or within 30 days after receipt of notice to be sent by any class of U.S. mail that is fully prepaid or electronic mail of the award, but not thereafter, appeal from the decision of the Commission to the Court of Appeals for errors of law under the same terms and conditions as govern appeals from the superior court to the Court of Appeals in ordinary civil actions. The procedure for the appeal shall be as provided by the rules of appellate procedure.
 

 N.C. Gen. Stat. § 97-86
 
 (2017). The Industrial Commission requires that parties submit most documents in workers' compensation cases electronically via the Commission's Electronic Document Filing Portal ("EDFP"). 11 NCAC 23A.0108(a). Parties can file a notice of appeal to the Court of Appeals via EDFP or U.S. Mail. 11 NCAC 23A.0108(g).
 

 *379
 
 Article IV of the Appellate Rules governs appeals from administrative tribunals, including the Industrial Commission. Pursuant to Rule 18, "[a]ppeals of right from administrative [tribunals] shall be in accordance with the procedures provided in these rules for appeals of right from the courts of the trial division, except as provided in this Article." N.C.R. App. P. 18(a). A party's notice of appeal from the Industrial Commission must (1) specify the party or parties taking the appeal; (2) designate the final decision from which appeal is taken and the court to which appeal is taken; and (3) shall be signed by counsel of record for the party or parties taking the appeal. N.C.R. App. P. 18(b)(2). Appellants can demonstrate timely filing of a notice of appeal by including in the appellate record some form of acknowledgement from the Industrial Commission stating when the Commission received the notice of appeal.
 
 See
 

 Jones v. Yates Motor Co.
 
 ,
 
 121 N.C. App. 84
 
 , 85,
 
 464 S.E.2d 479
 
 , 480 (1995) ("On 23 March 1994, the Commission advised plaintiff that it received his notice of appeal to the Court of Appeals."). Such acknowledgement includes,
 
 inter alia,
 
 providing a time-stamped copy of a notice of appeal or a letter from the Industrial Commission acknowledging receipt of a notice of appeal. Article IV of the Appellate Rules does not, however, provide any instruction concerning service of the notice of appeal upon the opposing party.
 

 *419
 

 B. Service of a Notice of Appeal
 

 "Copies of all papers filed by any party and not required by these rules to be served by the clerk shall,
 
 at or before the time of filing
 
 , be served on all other parties to the appeal." N.C.R. App. P. 26(b) (emphasis added). Rule 26 further prescribes the following manner of service:
 

 Service may be made in the manner provided for service and return of process in Rule 4 of the Rules of Civil Procedure and may be so made upon a party or upon its attorney of record. Service may also be made upon a party or its attorney of record by delivering a copy to either or by mailing a copy to the recipient's last known address, or if no address is known, by filing it in the office of the clerk with whom the original paper is filed. Delivery of a copy within this rule means handing it to the attorney or to the party, or leaving it at the attorney's office with a partner or employee. Service by mail is complete upon deposit of the paper enclosed in a postpaid, properly addressed wrapper in a post office or official depository under the exclusive care and custody of the United States Postal Service, or, for those having access to such services, upon
 
 *380
 
 deposit with the State Courier Service or Inter-Office Mail. When a document is filed electronically to the [appellate courts'] electronic-filing site, service also may be accomplished electronically by use of the other counsel's correct and current e-mail address(es), or service may be accomplished in the manner described previously in this subsection.
 

 N.C.R. App. P. 26(c). Rule 4 of the North Carolina Rules of Civil Procedure substantially mirrors the methods of service and process listed in Rule 26(c) of the Appellate Rules, with a few additional methods provided.
 
 See e.g.
 
 , N.C. Gen. Stat. § 1A-1, Rules 4(j)(1), (j1) (2017) (permitting, among other methods, service by leaving copies at a party's dwelling with a person of suitable age, service by delivery to a party's authorized agent, or service by publication).
 

 Generally, service by email is not allowed.
 
 See
 

 id.
 

 § 1A-1, Rule 4(j6) ("Nothing in subsection (j) of this section authorizes the use of electronic mailing for service on the party to be served."). However, parties can serve papers by email in one limited instance: for documents filed electronically to the North Carolina Appellate Courts' electronic-filing site.
 
 See
 
 N.C.R. App. P. 26(c) ("When a document is filed electronically to the electronic-filing site, service also may be accomplished electronically by use of the other counsel's correct and current e-mail address(es) ...."). A notice of appeal is not filed with this Court, but rather with the court that entered judgment.
 
 See
 
 N.C.R. App. P. 3(a), 26(a). Thus, appellants cannot serve a notice of appeal via email.
 
 See
 

 MNC Holdings, LLC v. Town of Matthews
 
 ,
 
 223 N.C. App. 442
 
 , 445-47,
 
 735 S.E.2d 364
 
 , 366-67 (2012) (holding service of a notice of appeal by email is a technical violation of Rule 26 of the Appellate Rules, but determining that the technical error did not warrant dismissal where all parties clearly received notice and the error did not materially impede review). In addition, both the Rules of Civil Procedure and the Rules of Appellate Procedure require proof of service in the form of a certificate of service.
 
 See
 
 N.C. Gen. Stat. § 1A-1, Rule 5(b1) ; N.C.R. App. P. 26(d).
 

 III. Discussion
 

 In the instant case, the following errors are apparent: (1) Plaintiff's notice of appeal was improperly served via email; (2) the record on appeal does not include a certificate of service of the notice of appeal; (3) the notice of appeal failed to designate the court to which appeal was being taken; and most significantly, (4) the record on appeal contains no proof that the notice of appeal was timely filed.
 

 *381
 
 The first three of Plaintiff's errors constitute non-jurisdictional violations of our Appellate Rules. Plaintiff improperly served opposing counsel with his notice of appeal by email, failed to include a certificate of service of his notice of appeal, and failed to designate the court to which appeal was taken. Neither Rule 4 of the Rules of Civil Procedure nor the Appellate Rules permit service of a notice of appeal by email. Thus, Plaintiff's service of the notice of appeal was improper. However, this Court has ruled that such a
 
 *420
 
 violation is non-jurisdictional and does not warrant dismissal where all parties had actual notice.
 
 See
 

 State v. Williams
 
 ,
 
 235 N.C. App. 201
 
 , 204,
 
 761 S.E.2d 662
 
 , 664 (2014) (holding that service of a notice of appeal is a non-jurisdictional violation and determining that dismissal would be inappropriate because the State was not misled by the error and waived compliance by participating in the appeal),
 
 appeal dismissed and disc. rev. denied
 
 ,
 
 368 N.C. 241
 
 ,
 
 768 S.E.2d 857
 
 (2015). Here, it is clear that Defendants had actual notice of appeal to this Court by their participation in the appeal. Accordingly, this violation does not warrant dismissal of the appeal.
 

 Second, Plaintiff failed to include a certificate of service of the notice of appeal in the record. Appellate Rule 3 provides that service of a notice of appeal shall be as provided in Rule 26. N.C.R. App. P. 3(e). Rule 26 requires that the certificate of service "shall appear on or be affixed to the" notice of appeal. N.C.R. App. P. 26(d). Therefore, Plaintiff's failure to include a certificate of service of his notice of appeal violates Appellate Rule 3. However, while proper filing of a notice of appeal is jurisdictional, the manner of service of a notice of appeal is a non-jurisdictional requirement.
 
 See
 

 Lee
 
 ,
 
 204 N.C. App. at 102
 
 ,
 
 693 S.E.2d at 689-90
 
 (holding that "where a notice of appeal is properly and timely filed, but not served upon
 
 all
 
 parties" the "violation of Rule 3 is a nonjurisdictional defect[,]" although it is nevertheless a "significant and fundamental violation" warranting dismissal of the appeal). In that this violation does not constitute a "substantial or gross violation of the Appellate Rules," it does not necessitate dismissal.
 

 In addition, Plaintiff neglected to designate in the notice of appeal the court to which the case was being appealed. This Court, however, has deemed that a violation of this sort does not necessarily warrant dismissal of the appeal.
 
 See
 

 Phelps Staffing, LLC v. S.C. Phelps, Inc.
 
 ,
 
 217 N.C. App. 403
 
 , 410,
 
 720 S.E.2d 785
 
 , 791 (2011) (holding that the appellant's failure to designate the court to which the appeal is taken is not a fatal error, so long as this information may be fairly inferred and the other parties are not misled by the mistake). Plaintiff's only appeal of right lies in this Court, so it can be inferred that Plaintiff intended to appeal to this
 
 *382
 
 Court despite his failure to designate in his notice of appeal the court to which he was appealing. Based on Defendants' participation in this appeal by settling the record on appeal and filing a brief, it is clear they were not misled by this Rule violation. As a result, this violation, alone, would not warrant dismissal of Plaintiff's appeal.
 

 Finally, there is no indication that Plaintiff's notice of appeal was timely filed, which is a jurisdictional error.
 
 E.g.,
 

 Strezinski v. City of Greensboro
 
 ,
 
 187 N.C. App. 703
 
 , 710,
 
 654 S.E.2d 263
 
 , 268 (2007) (dismissing the defendant's cross-appeal from a decision of the Industrial Commission because the notice of appeal was not timely filed),
 
 disc. rev. denied
 
 ,
 
 362 N.C. 513
 
 ,
 
 668 S.E.2d 783
 
 (2008). Plaintiff's counsel allegedly filed his notice of appeal-on his firm's letterhead-via the Industrial Commission's Electronic Document Filing Portal. The notice of appeal does not bear a time stamp, file stamp, or any other designation that the Industrial Commission received the notice of appeal. Plaintiff's counsel requested that Commissioner Baddour confirm receipt of the notice; however, Plaintiff failed to include any acknowledgment from the Industrial Commission indicating receipt of Plaintiff's notice of appeal in the record on appeal. The notice of appeal is dated "December 5, 2017," which would have been timely, but that date was affixed by Plaintiff's counsel, and again, not confirmed by proof of service. We will not assume the notice of appeal was timely filed solely based upon Plaintiff's unverified notice of appeal.
 
 See
 

 Dogwood
 
 , 362 N.C. at 197,
 
 657 S.E.2d at
 
 365 (citing
 
 Crowell Constructors, Inc. v. State ex rel. Cobey
 
 ,
 
 328 N.C. 563
 
 , 563-64,
 
 402 S.E.2d 407
 
 , 408 (1991) (per curiam) (holding that because of the failure to include the notice of appeal in the record, in violation of Rule 3, the Court of Appeals had no jurisdiction and the appeal must be dismissed);
 
 In re Lynette H.
 
 ,
 
 323 N.C. 598
 
 , 602,
 
 374 S.E.2d 272
 
 , 274 (1988) (holding that the State violated Rule 3 by failing to give timely notice of appeal, resulting in a lack of jurisdiction) ).
 

 *421
 
 "[I]t is [the appellant's] burden to produce a record establishing the jurisdiction of the court from which appeal is taken, and his failure to do so subjects th[e] appeal to dismissal."
 
 State v. Phillips
 
 ,
 
 149 N.C. App. 310
 
 , 313-14,
 
 560 S.E.2d 852
 
 , 855,
 
 appeal dismissed
 
 ,
 
 355 N.C. 499
 
 ,
 
 564 S.E.2d 230
 
 (2002). Subject matter jurisdiction cannot be waived by this Court or the parties,
 
 Inspection Station No. 31327 v. N.C. Div. of Motor Vehicles
 
 ,
 
 244 N.C. App. 416
 
 , 428,
 
 781 S.E.2d 79
 
 , 88 (2015), and because such violation of Rule 3 is jurisdictional, plaintiff's appeal must be dismissed.
 

 *383
 

 IV. Conclusion
 

 There is no indication in the record that Plaintiff properly and timely filed his notice of appeal. As a result, this Court does not have jurisdiction to hear Plaintiff's appeal, and the appeal is therefore dismissed.
 

 APPEAL DISMISSED.
 

 Judges STROUD and MURPHY concur.