IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-881

Filed 21 May 2024

Onslow County, No. 19 CRS 054820

STATE OF NORTH CAROLINA

v.

RACHEL SHALOM JURAN, Defendant.

Appeal by Defendant from judgment entered 5 April 2023 by Judge Henry L. Stevens in Onslow County Superior Court. Heard in the Court of Appeals 19 March 2024.

*Attorney General Joshua H. Stein, by Assistant Attorney General Michelle Harris, for the State.*

*John W. Moss for Defendant.*

GRIFFIN, Judge.

Defendant Rachel Shalom Juran appeals from a judgment entered upon a jury verdict finding her guilty of assault on an emergency personnel. Defendant contends the trial court erred in denying her motion to dismiss; plainly erred in its jury instruction and verdict sheet; and violated her right to a unanimous jury verdict. We hold the trial court did not err, let alone commit plain error, or violate Defendant's right to a unanimous jury verdict.

## I. Factual and Procedural Background

On 1 September 2019, Defendant called 911 after experiencing intermittent chest pain. K. Lueth, a paramedic for Pender County EMS and Fire Department, along with her partner, responded to Defendant's home. Defendant was placed in an ambulance to be transported to Onslow Memorial Hospital. While in transit, Defendant became agitated and forcefully grabbed and squeezed Lueth's hand.

Lueth's partner, who was driving the ambulance, found a safe place to pull over and called both Lueth's supervisor and the police. A patrol sergeant with Onslow County Sheriff's Office and Lueth's supervisor arrived on scene. Lueth's supervisor rode in the ambulance with Defendant and Lueth the remainder of the way to the hospital. Upon release from the hospital, Defendant was arrested.

On 3 December 2019, Defendant was indicted for assault on an emergency personnel and communicating threats. On 3 April 2023, the matter came on for jury trial before Judge Stevens in Onslow County Superior Court. On 5 April 2023, the jury returned a verdict finding Defendant guilty of assault on an emergency personnel and not guilty of communicating threats. Defendant was sentenced to 6 to 17 months' imprisonment suspended for 24 months' supervised probation.

Defendant timely filed notice of appeal on 6 April 2023 and, on 27 November 2023, Defendant filed a petition for writ of certiorari.[1]

---

[1] Defendant concedes she failed to comply with Rule 4 of the North Carolina Rules of Appellate Procedure where she neglected to include a certificate of service with her notice of appeal. *See* N.C. R. App. 4; N.C. R. App. 26. This violation, however, is non-jurisdictional and does not

## II. Analysis

Defendant contends the trial court erred in denying her motion to dismiss and plainly erred in its jury instruction and verdict sheet as a fatal variance occurred both between the offense charged and the offense established at trial and between the indictment and the jury instruction and verdict sheet. Defendant further contends the trial court violated her right to a unanimous jury verdict.

## A. Fatal Variance

Defendant argues the trial court erred in denying her motion to dismiss as the State failed to provide sufficient evidence of each element of the crime charged where a fatal variance occurred between the offense charged in the indictment and the offense established at trial. Further, Defendant argues the trial court plainly erred in its jury instruction and verdict sheet as a fatal variance occurred between the indictment and the jury instruction and verdict sheet. We disagree.

It is a well-established principle within the administration of criminal law that "a defendant must be convicted, if convicted at all, of the particular offense charged in the bill of indictment." *State v. Jackson*, 218 N.C. 373, 376, 11 S.E.2d 149, 151 (1940). Thus, the allegations in the charging indictment must correspond with the

---

warrant dismissal of Defendant's appeal as all parties had actual notice of the appeal as indicated by their participation. *See Bradley v. Cumberland Cty.*, 262 N.C. App. 376, 381, 822 S.E.2d 416, 420 (2018) (holding the plaintiff's failure to include a certificate of service with his notice of appeal in violation of Rule 4 did not warrant dismissal of the appeal as the violation was non-jurisdictional and the defendant had actual notice of the appeal as indicated by their participation in the appeal). Therefore, we dismiss Defendant's petition as moot.

evidence offered at trial. *Id.* Likewise, the allegations must also "conform to the equivalent material aspects of the jury charge[.]" *State v. Williams*, 318 N.C. 624, 631, 350 S.E.2d 353, 357 (1986). A fatal variance may exist where there is a discrepancy between either the allegations and the offense established or the allegations and the jury instruction. "The determination of whether a fatal variance exists turns upon two policy concerns, namely, (1) insuring that the defendant is able to prepare his defense against the crime with which he is charged and (2) protect[ing] the defendant from another prosecution for the same incident." *State v. Glidewell*, 255 N.C. App. 110, 113, 804 S.E.2d 228, 232 (2017) (internal marks and citations omitted). Accordingly, to constitute a fatal variance which warrants reversal, the variance "must be material, meaning it must involve an essential element of the crime charged," and the defendant must establish he suffered prejudice as a result. *Id.*

### 1. *Motion to Dismiss*

Defendant contends the trial court erred in denying her motion to dismiss as the State failed to provide sufficient evidence of each element of the crime charged where a fatal variance occurred between the offense charged in the indictment and the offense established at trial.

Our North Carolina Rules of Appellate Procedure, Rule 10, prescribes the ways in which a party may preserve an issue for appellate review. *See* N.C. R. App. P. 10. Rule 10(a)(1), defines the general procedure for preserving issues for appellate

- 4 -

review:

> In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context.

N.C. R. App. P. 10(a)(1). On the other hand, Rule 10(a)(3) delineates the procedure required to specifically preserve a sufficiency of the evidence issue. *See* N.C. R. App. P. 10(a)(3). Under Rule 10(a)(3), a defendant in a criminal case may not make the sufficiency of the State's evidence at trial the basis of his issue on appeal unless he made a motion to dismiss at trial. *Id.* The motion to dismiss may be made at the close of the State's evidence and/or at the close of all evidence. *Id.* However, where the defendant makes a motion to dismiss at the close of the State's evidence and then decides to present evidence of his own, he has waived his motion and is precluded from appealing on the issue of its denial unless he renews his motion at the close of all evidence. *Id.*

In *State v. Golder*, our Supreme Court addressed the distinctions between Rules 10(a)(1) and 10(a)(3), noting, "unlike [Rule 10(a)(1)], Rule 10(a)(3) does not require that the defendant assert a specific ground for a motion to dismiss for insufficiency of the evidence." 374 N.C. 238, 245–46, 839 S.E.2d 782, 788 (2020). Likewise, the Court held, "Rule 10(a)(3) [ ] provides that when a defendant properly moves to dismiss, the defendant's motion preserves all sufficiency of the evidence issues for appellate review." *Id.* at 245, 839 S.E.2d at 787.

Soon after our Supreme Court's decision in *Golder*, the Court, in *State v. Smith*, 375 N.C. 224, 846 S.E.2d 492 (2020), addressed whether a defendant's fatal variance argument was a properly preserved sufficiency of the evidence issue, where he made a general motion to dismiss based on sufficiency of the evidence at the close of the State's evidence and at the close of all evidence. The *Smith* Court, acknowledging *Golder*, addressed the merits of the defendant's case but only did so after "assuming without deciding that [the] defendant's fatal variance argument was preserved[.]" *Id.* at 231, 846 S.E.2d at 496. After the Court's decision in *Smith*, our Courts, when faced with a similar issue, have continually reviewed the merits of fatal variance arguments—all while assuming without deciding whether a defendant, upon a motion to dismiss pursuant to Rule 10(a)(3), has preserved a fatal variance argument as a sufficiency of the evidence issue. *See State v. Gunter*, 289 N.C. App. 45, 49, 887 S.E.2d 745, 748 (2023); *State v. Mackey*, 287 N.C. App. 1, 7, 882 S.E.2d 405, 409 (2022); *State v. Tarlton*, 279 N.C. App. 249, 253, 864 S.E.2d 810, 813 (2021); *State v. Brantley-Phillips*, 278 N.C. App. 279, 287, 862 S.E.2d 416, 422 (2021).

Thus, it appears our precedent, by "assuming without deciding," has intentionally avoided making a ruling on the preservation of fatal variance issues through general motions to dismiss based on sufficiency of the evidence. Nonetheless, these decisions all effectively require subsequent panels of this Court, under similar circumstances, to address the merits of a defendant's fatal variance argument as a properly preserved sufficiency of the evidence issue.

In the instant case, Defendant made a general motion to dismiss based on sufficiency of the evidence at the close of the State's evidence. Defendant renewed her motion at the close of all evidence. Because Defendant timely moved to dismiss pursuant to Rule 10(a)(3), we, in an effort to stop proverbially kicking the can down the road, explicitly hold her fatal variance arguments, pertaining to the motion to dismiss, are properly preserved sufficiency of the evidence issues.

Having held Defendant's fatal variance argument as to her motion to dismiss was preserved, we address her first contention, in which she argues: The trial court erred in denying her motion to dismiss the charge of assault on an EMT, in violation of N.C. Gen. Stat. § 14-34.6, as a fatal variance occurred where the State exclusively presented evidence tending to show the victim was a paramedic at the time of the incident rather than an EMT.

This Court reviews issues concerning the existence of a fatal variance de novo. *State v. Clagon*, 279 N.C. App. 425, 431, 865 S.E.2d 343, 347 (2021). Moreover, we generally review motions to dismiss de novo to determine whether, in the light most favorable to the State, "there was substantial evidence (1) of each essential element of the offense charged, and (2) that [the] defendant is the perpetrator of the offense." *State v. Collins*, 283 N.C. App. 458, 465, 874 S.E.2d 210, 215 (2022) (internal marks and citations omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Turnage*, 362 N.C. 491, 493, 666 S.E.2d 753, 755 (2008) (internal marks and citations omitted).

When the State fails to offer sufficient evidence to establish the defendant committed the criminal offense charged, a motion to dismiss is in order. *State v. Barnett*, 368 N.C. 710, 713, 782 S.E.2d 885, 888 (2016). For this reason, "a variance between the criminal offense charged and the offense established by the evidence" also warrants a motion to dismiss as the variance "is in essence a failure of the State to establish the offense charged." *Id.* (quoting *State v. Waddell*, 279 N.C. 442, 445, 183 S.E.2d 644, 646 (1971) (internal marks omitted)). In order to prevail on such a motion, the defendant must show there existed "a fatal variance between the offense charged and the proof as to the gist of the offense." *Id.* (internal marks and citations omitted).

Relevant here, Defendant was charged with violating N.C. Gen. Stat. § 14-34.6, which states:

> A person is guilty of a Class I felony if the person commits an assault or affray causing physical injury on any of the following persons who are discharging or attempting to discharge their official duties:
>
> > (1) An emergency medical technician or other emergency health care provider.
> >
> > (2) A medical responder.
> >
> > . . .

N.C. Gen. Stat. § 14-34.6 (2023). Likewise, the indictment against Defendant specifically alleged she,

> unlawfully, willfully and feloniously did assault [Lueth], an

> emergency medical technician, who was employed by
> Pender County Emergency Services, by grabbing the
> victim's hand and squeezing it very hard, and cause
> physical injury to the victim, bruising to the hand. At the
> time of this offense, the victim of the assault was
> discharging her official duties: transporting [D]efendant to
> the hospital.

We note that while the indictment does specifically identify Lueth as an EMT, she testified at trial as to her credentials at the time of the incident, stating she was a paramedic.

Notably, although N.C. Gen. Stat. § 14-34.6 does not specifically define emergency medical technician, other statutes within this same chapter define "emergency medical technician" to include a paramedic. *See* N.C. Gen. Stat. § 14-69.3(a)(1) (2023). Nonetheless, even if "emergency medical technician" as applied under N.C. Gen. Stat. § 14-34.6 was not intended to include paramedics, whether the victim was an emergency medical technician or paramedic is a distinction without difference for the purpose of the charging statute. While we recognize the credentials of a paramedic differ from those of an EMT, the gist of the offense at issue remains the same notwithstanding the victim's credentials. *See* N.C. Gen. Stat. § 131E-155(10), (15a) (2023). Moreover, Defendant would be charged under the same statute regardless of whether she assaulted a paramedic or an EMT.

Insofar as Defendant argues there was a fatal variance which required the trial court to grant her motion to dismiss, Defendant has failed to establish in what way she was prejudiced by the variance. Further, the charging indictment was sufficient

such that Defendant could prepare her defense as the indictment included, among other things, the date of the offense, the specific statute under which Defendant was charged, Lueth as a named victim, and Lueth's employer. Not only this, but there is no way in which Defendant would be subjected to double jeopardy where, despite the indictment referencing Lueth as an EMT rather than a paramedic, Lueth was named as the victim.

Because there is not an issue concerning prejudice or double jeopardy, the trial court did not err as there was not a fatal variance between the crime charged in the indictment and the crime established by the evidence at trial.

### 2. *Jury instruction and verdict sheet*

Defendant contends the trial court committed plain error in its instruction to the jury. Specifically, Defendant argues a fatal variance occurred between the indictment and both the jury instruction and the verdict sheet as the indictment referred to the victim as an EMT; the jury instruction included EMT, emergency healthcare provider, medical responder, and licensed health care provider; and the verdict sheet stated only emergency personnel.

We review a defendant's issue for plain error where, as here, the defendant failed to object to the jury instruction at trial on the basis of the existence of a fatal variance between the indictment and the instruction. *State v. Ross*, 249 N.C. App. 672, 675-76, 792 S.E.2d 155, 158 (2016). "To demonstrate plain error, [the d]efendant must not only show error, but also prejudice—that, but for the error, the jury likely

would have reached a different result." *Id.* at 676, 792 S.E.2d at 158; *see also State v. Pate*, 187 N.C. App. 442, 445, 653 S.E.2d 212, 215 (2007) ("Plain error with respect to jury instructions requires the error be so fundamental that (i) absent the error, the jury probably would have reached a different verdict; or (ii) the error would constitute a miscarriage of justice if not corrected." (citation omitted)).

Our Courts have previously recognized that where the "allegations asserted in an indictment fail to conform to the equivalent material aspects of the jury charge, . . . a fatal variance is created, and the indictment [is] insufficient to support that resulting conviction." *Glidewell*, 255 N.C. App. at 113, 804 S.E.2d at 232. Even so, it remains, as with a plain error review, the alleged fatal variance only warrants reversal where the defendant is able to establish prejudice.

Here, Defendant was charged with assault on an EMT as the indictment stated, in relevant part, Defendant "unlawfully, willfully and feloniously did assault [Lueth], an emergency medical technician[.]" However, at the close of all evidence, the trial court instructed the jury, stating the jury could find Defendant guilty if, among other things, it found "from the evidence beyond a reasonable doubt that on or about the alleged date the alleged victim was an emergency medical technician, an emergency health care provider, a medical responder, or a licensed health care provider[.]" Then, the trial court provided the jury with a verdict sheet from which the jury could select "guilty of assault causing physical injury on emergency personnel."

The indictment, jury instruction, and verdict sheet reference Lueth under various classifications. However, this variance is in no way prejudicial. As noted above, the gist of the offense is the same regardless of the victim's classification based on credentials. Not only this, but the fact that the jury convicted Defendant after being instructed it could find Defendant guilty if it found Lueth was an emergency medical technician, an emergency health care provider, a medical responder, or a licensed health care provider, unequivocally indicates the jury would not have reached a different result if the instruction had referenced Lueth solely as an EMT.

Because the jury would not have reached a different result, Defendant was not prejudiced. Therefore, the trial court did not commit plain error.

**B. Unanimous Jury Verdict**

Defendant contends the trial court violated her constitutional right to a unanimous jury verdict where the trial court, in its instruction, stated the jury could find Defendant guilty if, among other things, it found "from the evidence beyond a reasonable doubt that on or about the alleged date the alleged victim was an emergency medical technician, an emergency health care provider, a medical responder, or a licensed health care provider[.]" Specifically, Defendant argues the trial court's instruction was ambiguous and allowed the jury to convict on three separate theories upon which she was not indicted. We disagree.

Notwithstanding a defendant's failure to object, issues concerning a defendant's right to a unanimous jury verdict under Article I, Section 24 of the North

Carolina Constitution are preserved for appellate review. *See State v. Wilson*, 363 N.C. 478, 484, 681 S.E.2d 325, 330 (2009) ("While the failure to raise a constitutional issue at trial generally waives that issue for appeal, where the error violates the right to a unanimous jury verdict under Article I, Section 24, it is preserved for appeal without any action by counsel." (internal marks and citation omitted)); *see also* N.C. Gen. Stat. § 15A-1237(b) (2023) ("The verdict must be unanimous, and must be returned by the jury in open court."). We review issues concerning the unanimity of a jury verdict de novo, examining "the verdict, the charge, the jury instructions, and the evidence to determine whether any ambiguity as to unanimity has been removed." *State v. Petty*, 132 N.C. App. 453, 461-62, 512 S.E.2d 428, 434 (1999).

Article I, Section 24 of our State Constitution, provides, "[n]o person shall be convicted of any crime but by the unanimous verdict of a jury in open court." N.C. Const. art. 1, § 24; *see also* N.C. Gen. Stat. § 15A-1237(b). Our Court has previously held the risk of a nonunanimous verdict arises where the trial court submits an issue to the jury in the disjunctive, whereby the jury may find the defendant guilty of the crime charged on several alternative grounds. *State v. Petty*, 132 N.C. App. 453, 460, 512 S.E.2d 428, 433 (1999) (citing *State v. Diaz*, 317 N.C. 545, 553, 346 S.E.2d 488, 494 (1986)); *see also State v. McLamb*, 313 N.C. 572, 577, 330 S.E. 2d 476, 480 (1985) (holding a verdict of guilty following submission in the disjunctive of two or more possible crimes to the jury in a single issue is ambiguous and therefore fatally defective). However, our Court in *State v. Petty* held there is no risk of a

nonunanimous verdict "where the statute under which the defendant is charged criminalizes a single wrong that may be proved by evidence of the commission of any one of a number of acts because in such a case the particular act performed is immaterial." 132 N.C. App. at 461, 512 S.E.2d at 433–34 (internal marks and citation omitted)).

Here, the statute under which Defendant was charged criminalizes a single wrong—an assault or affray—on any of the following persons:

> (1) An emergency medical technician or other emergency health care provider;
>
> (2) A medical responder;
>
> (3) Hospital employee, medical practice employee, licensed health care provider, or individual under contract to provide services at a hospital or medical practice;
>
> (4) A firefighter;
>
> (5) Hospital security personnel.

N.C. Gen. Stat. § 14-34.6. This statute provides a general list of emergency personnel whom Defendant can be charged with victimizing. *See id.* In applying the Court's reasoning in *Petty*, we note the actual assault or affray on an emergency personnel who was discharging or attempting to discharge their official duties is the gravamen of the offense for which Defendant was charged. *See Petty*, 132 N.C. App. at 461, 512 S.E.2d at 433–34; *see also State v. Hartness*, 326 N.C. 561, 566–67, 391 S.E.2d 177, 180 (1990). The actual classification of the emergency personnel based on their credentials is immaterial.

Although the indictment, jury instruction, and verdict sheet all reference the victim in different terms, the inclusion of additional or similar terms in referencing the victim did not create additional theories on which Defendant could be convicted. Instead, the terms were merely a disjunctive list of emergency personnel classifications. *See* N.C. Gen. Stat. § 14-34.6(a)(1)-(3); *see also* N.C. Gen. Stat. § 131E-155.

Thus, even though the trial court's instruction included reference to Lueth as either an emergency medical technician, an emergency health care provider, a medical responder, or a licensed health care provider, the Defendant's right to unanimity was not violated.

### III.    Conclusion

The trial court did not err, let alone commit plain error, or violate Defendant's right to a unanimous jury verdict.

NO ERROR.

Judges HAMPSON and THOMPSON concur.