IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 24-852

Filed 6 August 2025

Forsyth County, No. 22CRS053777-330

STATE OF NORTH CAROLINA

v.

LAMONT ALEXANDER WAGNER, Defendant.

Appeal by defendant from order entered 4 October 2023 by Judge John Michael Morris in Forsyth County District Court. Heard in the Court of Appeals 23 April 2025.

*Attorney General Jeff Jackson, by Assistant Attorney General Laura S. Jenkins, for the State.*

*William D. Spence for defendant-appellant.*

DILLON, Chief Judge.

Defendant Lamont A. Wagner seeks review of the judgment entered by the trial court upon a jury's verdict convicting him of assault with a deadly weapon inflicting serious injury ("AWDWISI") based on an altercation he had with another person. He argues that the trial court erred in failing to instruct the jury on a lesser-included offense of misdemeanor assault with a deadly weapon (where no serious injury has been proven). For the reasoning below, we conclude Defendant received a fair trial, free of reversible error.

## I.   Background

Defendant and the victim engaged in an altercation in May 2022. The victim testified that Defendant had stabbed him twice in his back, once under his arm, and once in his stomach and that he was hospitalized for approximately three months because of these injuries. The victim testified that he was initially placed in the ICU and had a breathing tube, which was removed at a later date.

At the charge conference, Defendant requested that the jury be provided an instruction on the lesser included offense of misdemeanor assault with a deadly weapon to let the jury decide whether the victim's injury was serious. The trial court did not instruct the jury on the lesser offense and made a peremptory instruction that the stab wound was a serious injury *per se*. The jury found Defendant guilty of assault with a deadly weapon inflicting serious injury. Defendant filed a timely, but defective, notice of appeal.

## II.   Appellate Jurisdiction

Defendant's notice of appeal was defective and insufficient to confer jurisdiction on our Court to consider his arguments. Defendant, though, has petitioned our Court for a writ of *certiorari* to permit appellate review of the judgments. N.C. R. App. P. 21(a)(1) (2021).

It appears Defendant has lost his right to appeal his conviction through no fault of his own. He had instructed his attorney to notice an appeal; however, his attorney inadvertently failed to attach to the notice a certificate of service showing

service on the district attorney. The notice was, otherwise, timely filed; and the State was aware of the notice. *See Bradley v. Cumberland Cnty.*, 262 N.C. App. 376, 381 (2018) (holding a failure to include a certificate of service with his notice of appeal in violation of Rule 4 did not warrant dismissal of the appeal as the parties had actual notice of the appeal as indicated by their participation in the appeal). Accordingly, in our discretion, we grant Defendant's petition.

## III. Analysis

On appeal, Defendant contends the trial court erred by failing to include a jury instruction for the lesser included offense of misdemeanor assault with a deadly weapon.

"A trial court's decision not to give a requested lesser-included offense instruction is reviewed *de novo* on appeal." *State v. Matsoake*, 243 N.C. App. 651, 657 (2015) (citation omitted). Our Supreme Court has instructed that we are to view the evidence in the light most favorable to the defendant in determining whether there is sufficient evidence for submission of a lesser included offense to the jury:

> In order to be granted a new trial for the trial court's failure to instruct the jury on a lesser-included offense, a criminal defendant must demonstrate that there was evidence presented at trial that, viewed in the light most favorable to the defendant, would permit a rational jury to acquit the accused of the greater charge and convict him or her of the lesser offense.

*State v. Brichikov*, 383 N.C. 543, 553 (2022).

"Failure to submit a requested jury instruction on a lesser-included offense

when one is warranted is generally reversible error." *Id.* at 556. "Our law states that when the court improperly fails to submit a lesser included offense of the offense charged, and the jury had only two options in reaching a verdict—guilty of the offense charged and not guilty—then a verdict of guilty of the offense charged is not reliable, and a new trial must be granted." *State v. Price*, 344 N.C. 583, 589 (1996).

An error may require reversal to the trial court if the error is prejudicial under the analysis provided by N.C.G.S. § 15A-1443. "A defendant is prejudiced by errors . . . when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C.G.S. § 15A-1443(a). Additionally, it is the defendant's burden to show the error is prejudicial. *Id.*

Regarding the crime of assault with a deadly weapon inflicting serious injury, "[s]erious injury is 'physical or bodily injury resulting from an assault with a deadly weapon.'" *State v. Bagley*, 183 N.C. App. 514, 526 (2007) (internal citation omitted). Serious injury is not defined with specificity for this crime because whether an injury is serious is usually a factual determination for the jury to decide. *See State v. Woods*, 126 N.C. App. 581, 592 (1997); *see also State v. Hedgepeth,* 330 N.C. 38, 53 (1991). However, a trial court may remove the element of serious injury from consideration by the jury by peremptorily declaring the injury to be serious when the evidence is not conflicting and where reasonable minds could not differ as to the serious nature of the injuries. *Hedgepeth,* 330 N.C. at 53-54.

We hold the trial court did not err in instructing the jury, as there was no evidence before the jury to indicate the victim's injuries were *not* serious. It could be argued the instruction on a lesser included offense is warranted anyway, as the jury could have found that the State failed to meet its burden on the "serious injury" element while meeting its burden as to the other elements. However, our Supreme Court has been clear that "[t]he trial court may refrain from submitting the lesser included offense to the jury [ ] where the evidence is clear and positive as to each element of the offense charged and *no evidence supports a lesser included offense*, *State v. Lawrence*, 352 N.C. 1, 19 (2000) (emphasis added) (internal marks omitted), and that "the trial court need not submit lesser included degrees of a crime to the jury when the State's evidence is positive as to each and every element of the crime charged *and there is no conflicting evidence relating to any element of the crime charged*," *State v. Millsaps*, 356 N.C. 556, 562 (2002) (emphasis in the original) (internal mark omitted). That is, there must be conflicts in the evidence, which may arise from other evidence introduced by the State or from evidence introduced by the defendant to warrant an instruction on a lesser included offense. *Id.*

Accordingly, since the sole evidence offered concerning the victim's injuries, if believed, could only lead a reasonable jury to find that said injuries were serious, we conclude the trial court did not err.

NO ERROR.

Judges WOOD and STADING concur.